No. 74,458

STATE OF KANSAS, *Appellee*, v. MARIO A. LANNING, *Appellant*.
(925 P.2d 1145)

Opinion filed October 25, 1996.

*David P. Simmons*, of Lindsborg, argued the cause and was on the brief for appellant.

*Ty Kaufman*, county attorney, argued the cause, and *Carla J. Stovall*, attorney general, was with him on the brief for appellee.

The opinion of the court was delivered by

LOCKETT, J.: Pursuant to K.S.A. 1994 Supp. 38-1602(b)(3), defendant was prosecuted as an adult based upon a prior juvenile adjudication. On appeal, defendant claims the use of K.S.A. 1994 Supp. 38-1602(b)(3) to prosecute him as an adult and the district court's inclusion of his prior felony level juvenile adjudication in scoring his criminal history classification enhanced the severity level or applicable penalties and violates K.S.A. 21-4710(d)(11).

This is an issue of first impression which requires us to interpret the effect of K.S.A. 1994 Supp. 38-1602(b)(3) upon K.S.A. 21-4710(d)(11).

K.S.A. 1994 Supp. 38-1602(b)(3) provides:

"[A juvenile] does not include a person 16 years of age or over who is charged with a felony or with more than one offense of which one or more is a felony after having been adjudicated in a separate prior juvenile proceeding as having committed an act which would constitute a felony if committed by an adult and the adjudication occurred prior to the date of the commission of the new act charged."

K.S.A. 21-4710(d)(11) provides:

"Prior convictions of any crime shall not be counted in determining the criminal history category if they *enhance the severity level or applicable penalties*, elevate the classification from misdemeanor to felony, or are elements of the present crime of conviction. Except as otherwise provided, all other prior convictions will be considered and scored." (Emphasis added.)

The facts are not in dispute. On October 24, 1994, the defendant, Mario A. Lanning, was charged with felony theft in McPherson County. At the time of the offense, Lanning was 16 years old. Prior to October 22, 1994, he had previously been adjudicated a juvenile offender for a felony level theft in Crawford County. Pursuant to K.S.A. 1994 Supp. 38-1602(b)(3), Lanning was prosecuted as an adult in McPherson County based upon the prior juvenile adjudication.

Lanning pled no contest to the McPherson County felony theft charge. The presentence investigation report classified that offense as a severity level 9 offense. Lanning's prior 1993 juvenile adjudication for felony theft in Crawford County was scored as a nonperson felony conviction. This resulted in his classification in criminal history category G rather than criminal history category H.

Prior to sentencing, Lanning objected to use of the prior juvenile adjudication for felony theft in Crawford County both to prosecute him as an adult and to score his criminal history classification. He argued that K.S.A. 21-4710(d)(11) precludes the use of his prior nonperson felony juvenile adjudication to (1) authorize his prosecution as an adult pursuant to K.S.A. 1994 Supp. 38-1602(b)(3) and then (2) to enhance his criminal history category. After a hearing, the district court overruled the objection and determined the

presentence investigation report properly classified Lanning as having a criminal history category of G. Lanning was sentenced pursuant to the Kansas sentencing guidelines to 8 months' incarceration.

Lanning appealed. Specifically, he argues that his 1993 juvenile adjudication, which requires that he be prosecuted as an adult, cannot be used to enhance the severity level of his subsequent adult conviction.

The State asserts that K.S.A. 1994 Supp. 38-1602(b)(3) is a statute of classification for prosecution of an offender rather than punishment. The State argues that use of the prior juvenile adjudication in the first instance did not enhance the severity level or any applicable penalty within the meaning of K.S.A. 21-4710(d)(11). Rather, it determined whether Lanning was a juvenile or should be prosecuted as an adult offender.

Statutory interpretation is a question of law. An appellate court's review of a question of law is unlimited. *State v. Donlay*, 253 Kan. 132, Syl. ¶ 1, 853 P.2d 680 (1993). It is a fundamental rule of statutory construction, to which all other rules are subordinate, that the intent of the legislature governs if that intent can be ascertained. *City of Wichita v. 200 South Broadway*, 253 Kan. 434, 436, 855 P.2d 956 (1994). Generally, criminal statutes are to be construed strictly against the State. *State v. JC Sports Bar, Inc.*, 253 Kan. 815, 818, 861 P.2d 1334 (1993). However, this rule of construction is subordinate to the rule that judicial interpretation must effectuate legislative design and the true intent of the legislature. *State v. Schlein*, 253 Kan. 205, 215, 854 P.2d 296 (1993).

In *State v. LaMunyon*, 259 Kan. 54, 911 P.2d 151 (1996), this court considered an argument similar to that made by Lanning. LaMunyon, an adult, pleaded nolo contendere to one count of possession of marijuana with intent to sell and was sentenced to 3 to 10 years. After the Kansas Sentencing Guidelines Act (KSGA), K.S.A. 21-4701 *et seq.*, became effective, the district court found LaMunyon ineligible for retroactive sentence conversion based on his criminal history score, which included a juvenile adjudication for burglary. LaMunyon appealed, arguing that the Kansas Juvenile Offenders Code (the Code), K.S.A. 38-1601 *et seq.*, prohibited ju-

venile adjudications from being used to calculate an offender's criminal history under the KSGA. On petition for review, this court affirmed the Court of Appeals' holding "that the defendant's juvenile adjudications may properly be used in determining his criminal history score under the KSGA." 259 Kan. at 68.

The *LaMunyon* court noted the Kansas Legislature permitted consideration of juvenile adjudications in the sentencing of adult offenders prior to the adoption of the KSGA when it enacted K.S.A. 21-4606a (determination of the presumption of probation), K.S.A. 21-4606b (determination of presumptive assignment to community corrections), and K.S.A. 38-1610(e) (permitting use of expunged juvenile records in sentencing of subsequent juvenile dispositions and adult criminal convictions). 259 Kan. at 60. The *LaMunyon* court also observed that in enacting the KSGA in 1992, the legislature expressly required the consideration of certain juvenile adjudications when determining an offender's criminal history. 259 Kan. at 57; see K.S.A. 21-4703(c), K.S.A. 21-4709, K.S.A. 21-4710, K.S.A. 21-4711, and K.S.A. 21-4714(b)(5).

Finally, the *LaMunyon* court observed that the KSGA provision at issue here, K.S.A. 21-4710(d)(11), refers to prior *convictions* rather than juvenile adjudications. In other words, what Lanning has failed to perceive is that K.S.A. 21-4710(d)(11) is inapplicable to the issue he raises because his prior juvenile adjudication is not a prior "conviction." As the *LaMunyon* court stated:

"it is well established that a juvenile adjudication is not a 'criminal conviction'. . . . When specifying in the KSGA, that 'criminal history' includes specific juvenile adjudications, and criminal convictions (see K.S.A. 1993 Supp. 21-4703[d]), the Kansas Legislature was aware that a juvenile adjudication was not a criminal conviction. . . . The mere fact that a juvenile adjudication is not a criminal conviction does not prohibit using a juvenile adjudication in calculating a criminal history score for purposes of sentencing an adult under the KSGA." [Citations omitted.] 259 Kan. at 59.

The KSGA provides guidance to the sentencing court in the form of a rational sentencing structure which is based on two controlling factors: crime severity and criminal history of the offender. See Kansas Sentencing Guidelines, Desk Reference Manual 1, 3 (1995).

Pursuant to K.S.A. 21-4703:

"(c) 'criminal history' means and includes adult felony, class A misdemeanor, class B person misdemeanor, or select misdemeanor convictions and comparable juvenile adjudications possessed by an offender at the time such offender is sentenced;

"(d) 'criminal history score' means the summation of the convictions described as criminal history that place an offender in one of the criminal history score categories . . . ."

The Kansas Juvenile Offenders Code is a general statement of public policy as to the effect of juvenile adjudications, whereas the KSGA sets out specific exceptions to the Code. Considering a juvenile adjudication in calculating an offender's criminal history score under the KSGA does not turn that adjudication into a criminal act. The terms "criminal act" and "criminal history score" mean different things. The KSGA's requirement that juvenile adjudications be considered in calculating an offender's criminal history score is not inconsistent or in conflict with the statement in K.S.A. 38-1601 that a juvenile adjudication shall not be deemed or held to import a criminal act.

The KSGA clearly provides that juvenile adjudications should be considered in determining a defendant's criminal history category. Adopting Lanning's position would clearly frustrate the intent of the legislature in enacting the provisions of the KSGA which specifically provide for scoring of prior juvenile adjudications in determining criminal history.

The use of Lanning's prior juvenile adjudication does not violate K.S.A. 21-4710(d)(11), which refers only to prior criminal convictions. The use of the prior juvenile felony adjudication in determining whether to prosecute a juvenile offender as an adult under K.S.A. 1994 Supp. 38-1602(b)(3) does not enhance the severity level of a crime, as Lanning contends, but determines when a juvenile may no longer be classified as a juvenile. When an offender who has one prior felony juvenile adjudication is charged with a second felony, the offender is classified as an adult. It is only after this classification has been made and the offender is prosecuted and then convicted of the second felony crime that the sentencing guidelines apply. K.S.A. 21-4710(d)(11).

Here, because Lanning had a prior juvenile adjudication for felony car theft and was charged with felony car theft for a second time, K.S.A. 1994 Supp. 38-1602 governed his classification and mandated that he be prosecuted as an adult offender. After his conviction he was subject to being sentenced as an adult. An adult convicted of felony car theft with one prior juvenile adjudication for car theft would be scored as a level G on the sentencing guidelines grid. Therefore, Lanning's criminal history score was properly determined.

Affirmed.