(998 P.2d 123)

No. 81,522

STATE OF KANSAS, *Appellee*, v. ALLEN D. TAYLOR, *Appellant.*

Opinion filed February 18, 2000.

*Niki Christopher*, assistant appellate defender, *Lisa Nathanson*, assistant appellate defender, and *Jessica R. Kunen*, chief appellate defender, for appellant.

*Michelle M. Sehee*, assistant district attorney, *Nola Foulston*, district attorney, and *Carla J. Stovall*, attorney general, for appellee.

Before JUSTICE ALLEGRUCCI, presiding, STEVE LEBEN, District Judge, assigned, and NELSON E. TOBUREN, District Judge, assigned.

LEBEN, J.: This case presents a question of statutory interpretation related to the sentencing of a persistent sex offender. Specifically, the court must determine whether a prior conviction upon which a defendant has been classified as a persistent sex offender may be used when calculating his criminal history score for sen-

tencing purposes. Because we conclude that the trial court's use of the prior conviction for both of these purposes was contrary to law, we reverse and remand for resentencing.

The defendant here, Allen D. Taylor, pled no contest in 1998 to two counts of aggravated indecent liberties with a child. He had a prior conviction in 1985 of indecent liberties with a child, which made him eligible for sentencing as a persistent sex offender. See K.S.A. 1998 Supp. 21-4704(j) and K.S.A. 1998 Supp. 22-3717(d)(2). As part of his plea bargain, Taylor stipulated for sentencing purposes that he was a persistent sex offender.

When a person is sentenced as a persistent sex offender, the court must first determine the presumptive term of imprisonment. The statute then requires that a sentence of double that length be imposed. K.S.A. 1998 Supp. 21-4704(j).

Under the Kansas Sentencing Guidelines Act, the defendant's presumptive sentence is determined on a grid box that reflects two factors: severity of the crime and criminal history. The greater the criminal history, the more severe the sentence. The criminal history range in the sentencing grid box runs from category A, the most serious, in which the defendant has three or more prior person felonies, to category I, the least serious, in which the defendant has at most one prior misdemeanor.

Taylor had one prior person felony, the 1985 conviction of indecent liberties with a child. In addition, he had three prior nonperson felonies. The trial court concluded that he should be given a criminal history score of category C, the third highest history score out of nine, which applies to a defendant with one prior person felony and one or more prior nonperson felonies. Had the prior person felony not been considered in calculating his criminal history, Taylor would have had a criminal history score of category E, the fifth highest history score out of nine, which applies to a person with three or more prior nonperson felonies but no prior person felonies. This is not a trivial difference: the use of category C instead of category E results, after the required doubling of the maximum presumptive sentence, in a term of imprisonment of 178 months rather than 154 months, a 2-year increase.

Taylor objected to the trial court's inclusion of the 1985 indecent liberties conviction in calculating his criminal history score based on K.S.A. 21-4710(d)(11), which provides:

> "(d) Except as provided in K.S.A. 21-4716, and amendments thereto, the following are applicable to determining an offender's criminal history classification:
>
> . . . .
>
> (11) Prior convictions of any crime shall not be counted in determining the criminal history category if they enhance the severity level or applicable penalties, elevate the classification from misdemeanor to felony, or are elements of the present crime of conviction. Except as otherwise provided, all other prior convictions will be considered and scored."

Taylor argues that the prior indecent liberties conviction had already been used to classify him as a persistent sex offender, which clearly enhances the applicable penalty by doubling the presumptive sentence. Thus, Taylor argues, the prior conviction cannot be used in determining his criminal history category.

The State's primary argument in response is that the legislature obviously intended the statute to be read to promote long sentences for persistent sex offenders. Thus, the State argues, the "purposes of the persistent sex offender statute would be undermined if the courts were not able to give the maximum possible sentence."

The State's argument might be relevant if there were some ambiguity in the statute at issue. However, the statute's meaning is quite plain, and its history and interrelationship with related statutes make it apparent that a prior conviction upon which the classification of the defendant as a persistent sex offender has been made cannot be separately used to calculate his criminal history category.

We start with the language of the statute at issue, K.S.A. 21-4710(d)(11). When a statute is plain and unambiguous, the court must give effect to the intention of the legislature as expressed and may not use its own judgment to determine what the law should be. *Hartford Cas. Ins. Co. v. Credit Union 1 of Kansas*, 268 Kan. 121, 124-25, 992 P.2d 800 (1999). Here, the statute flatly prohibits use of prior convictions to determine the criminal history category

"if they enhance the severity level or applicable penalties." There can be no doubt that classification as a persistent sex offender enhances the applicable penalties—K.S.A. 1998 Supp. 21-4704(j) requires that the presumptive sentence be doubled for this class of offenders. Accordingly, K.S.A. 21-4710(d)(11) forbids additional use of the prior conviction when determining the criminal history score of a persistent sex offender.

This conclusion is further supported by analysis of the relationship between K.S.A. 21-4710(d)(11) and the state's separate statutes dealing with predatory sex offenders and persistent sex offenders. Statutes relating to predatory sex offenders were first passed in 1994, see L. 1994, ch. 341, § 2, the same year that K.S.A. 21-4710(d)(11) was added. See L. 1994, ch. 291, § 54. The predatory sex offender provision, now codified at K.S.A. 1998 Supp. 21-4716(b)(2)(F)(ii), specifically addresses whether the prior conviction used to classify a defendant as a predatory sex offender may be used to determine his criminal history category: "Any prior conviction used to establish the defendant as a predatory sex offender pursuant to this subsection shall also be counted in determining the criminal history category." K.S.A. 1998 Supp. 21-4716(b)(2)(F)(ii)(a). Thus, in the specific statute governing predatory sex offenders, the legislature had explicitly provided that the prior conviction upon which the classification was made would also be used to determine the criminal history category.

A year later, in 1995, the legislature further clarified this point. As the statutes were initially enacted in 1994, one might have argued that K.S.A. 21-4710(d)(11) and 21-4716(b)(2)(F)(ii) were in conflict. Various canons of construction might have been cited to resolve the apparent conflict, but could have led to different conclusions. One might have argued that the more specific statute (the predatory sex offender statute) governs over the more general one (the generic criminal history statute), but an opponent might have countered that criminal penalty statutes must be narrowly construed. Although there are no published appellate decisions in which these arguments were made, we suspect they were made at the trial court level because the legislature resolved the potential conflict in a 1995 amendment to K.S.A. 21-4710(d). After that

amendment was adopted, K.S.A. 21-4710(d) began with the phrase, "Except as provided in K.S.A. 21-4716." Thus, after passage of that amendment, it was absolutely clear that the provision of K.S.A. 21-4710(d)(11) could not be held to override the clear language of K.S.A. 1998 Supp. 21-4716(b)(2)(F)(ii)(a), which required consideration of the predatory sex offender's prior convictions in determining his criminal history category.

It was against this statutory backdrop that the statutes for persistent sex offenders were passed in 1996. Predatory sex offenders had already been defined by statute as persons who had been twice convicted of crimes of extreme sexual violence, such as rape. K.S.A. 1998 Supp. 21-4716(b)(2)(F)(ii). For these offenders, being classified as a predatory sex offender could be used in sentencing as an aggravating factor, allowing departure from the presumptive term of imprisonment. K.S.A. 1998 Supp. 21-4716(b)(2)(F). The 1996 legislation established a new classification of persistent sex offenders, defined as persons who had twice been convicted of any crime of sexual violence, including indecent liberties. L. 1996, ch. 258, § 10(j), codified at K.S.A. 1998 Supp. 21-4704(j). For these offenders, being classified as a persistent sex offender would result in a doubling of the presumptive term of imprisonment. K.S.A. 1998 Supp. 21-4704(j).

There is a significant difference in the predatory sex offender and persistent sex offender statutes concerning the use of prior convictions in determining the criminal history category. Even though a specific provision on how to calculate the defendant's criminal history category had been included in the predatory sex offender statute, no mention of how to calculate the criminal history category was made in the persistent sex offender statute. There is a logical basis for the difference, since the sentencing impact differs. For a predatory sex offender, where the base crime is more severe and already presumably carries a longer sentence, the classification has no automatic impact and is simply a factor the court may consider in sentencing. Thus, there would be no reason to exclude consideration of any of the defendant's prior convictions in those cases. For a persistent sex offender, where the base crime is less severe, the classification requires an automatic doubling of

the presumptive term of imprisonment. Thus, having already used the prior conviction to double the sentence, there is a rational basis to exclude its separate consideration in determining the criminal history category.

We are not at liberty to consider the lack of a provision in the persistent sex offender statute allowing the prior conviction to be considered for this purpose to have been some sort of inadvertent oversight. The 1996 legislature certainly must be deemed to have known of the statutory provisions it had passed in the preceding 2 years, including the ones involving the related category of predatory sex offenders. "We presume the legislature acts with full knowledge and information concerning the subject matter of a statute, including prior and existing legislation." *State v. Martinez*, 255 Kan. 464, 473, 874 P.2d 617 (1994). Had the legislature wanted to have the conviction upon which a persistent sex offender was so classified to be counted in determining the criminal history category, it certainly knew how to do so. In addition, the legislature knew when it passed the persistent sex offender provisions, which required an enhanced penalty through doubling the presumptive sentence, that K.S.A. 21-4710(d)(11) forbade counting prior convictions in determining the criminal history category when the same conviction otherwise enhanced the severity level or applicable penalties.

Neither side suggests that any prior cases interpreting K.S.A. 21-4710(d)(11) are applicable here. Although certainly not controlling here, *State v. Lanning*, 260 Kan. 815, 925 P.2d 1145 (1996), is the most relevant such case and may offer some guidance. In *Lanning*, the court held that a prior juvenile adjudication could be used in determining the defendant's criminal history even though the same adjudication had also been used to allow prosecution of the defendant as an adult. The State argued that the statute allowing juveniles with prior felony adjudications to be prosecuted as an adult was "a statute of classification for prosecution of an offender rather than punishment"; thus, it did not enhance the severity level or the applicable penalty. 260 Kan. at 817. There were two bases for the court's ruling. First, K.S.A. 21-4710(d)(11) forbids use of criminal convictions, but makes no mention of juvenile adjudica-

tions. Thus, the literal language of the statute did not preclude use of the juvenile adjudication in determining the criminal history. 260 Kan. at 819. Second, the court agreed with the State that the prior juvenile adjudication was initially used only to classify the offender as an adult when commencing the prosecution. "It is only after this classification has been made and the offender is prosecuted and then convicted of the second felony crime that the sentencing guidelines apply." 260 Kan. at 819.

The statutory scheme involving persistent sex offenders is the converse of the juvenile offender scheme found in *Lanning*. Here, the classification of a person as a persistent sex offender is relevant only with respect to sentencing and is for the purpose of punishment, so the sentencing guidelines provision of K.S.A. 21-4710(d)(11) is applicable. In addition, the prior adult conviction is covered by the literal language of the statutory prohibition against consideration of a "[p]rior conviction" that enhances the severity level or applicable penalty.

The legislature is free to prescribe the appropriate punishment for a persistent sex offender. The prosecutor is free, as occurred in this case, to reduce a charge from one of rape to one of aggravated indecent liberties as part of a plea bargain. Certainly, the offenses found here are worthy of severe punishment, as is to be expected when the defendant has been classified a persistent sex offender. Our job is to apply the sentencing guidelines faithfully, as they have been adopted, to the charges upon which the defendant has been convicted.

Here, Taylor's prior conviction had already been used to classify him as a persistent sex offender. Enhanced penalties must be applied to persistent sex offenders through the doubling of the presumptive prison sentence. Thus, the prior conviction had already been used to enhance Taylor's penalty and may not be separately considered when determining his criminal history category. The trial court's use of the 1985 indecent liberties conviction in determining the criminal history category was, therefore, improper.

Reversed and remanded for resentencing.