No. 105,934

STATE OF KANSAS, *Appellee*, v. TERRANCE J. KELLY, *Appellant*.

(318 P.3d 987)

Opinion filed February 21, 2014.

*Carl Folsom, III*, of Bell Folsom, P.A., of Lawrence, argued the cause, and was on the brief for appellant.

*Steven J. Obermeier*, assistant district attorney, argued the cause, and *Steven M. Howe*, district attorney, and *Derek Schmidt*, attorney general, were with him on the brief for appellee.

The opinion of the court was delivered by

BILES, J.: Terrance Kelly appeals the district court's summary denial of his pro se motion to withdraw his guilty pleas to first-degree felony murder and aggravated robbery entered in 1995. He also argues the aggravated robbery sentence is illegal because his juvenile adjudications were used both to certify him for adult prosecution and to compute his criminal history score. We hold that Kelly fails to demonstrate the manifest injustice required by K.S.A. 22-3210(d) to withdraw his guilty pleas. We hold further that his aggravated robbery sentence is not illegal. We affirm the district court's judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

When he was 14 years old, Kelly robbed a liquor store, killing the store clerk with a sawed-off shotgun. The State charged him with premeditated first-degree murder, an alternative charge of first-degree felony murder, and aggravated robbery. The district court certified Kelly for adult prosecution. He later pleaded guilty to felony murder and aggravated robbery. The district court imposed a hard 15 life sentence for the felony-murder conviction and a consecutive 172-month sentence for the aggravated robbery conviction. Approximately 12 years later, Kelly moved to withdraw those pleas and correct what he argues is an illegal sentence for the aggravated robbery conviction.

In support of the motion to withdraw his pleas, Kelly alleges his attorneys failed to: (1) fully explain the sentencing consequences of the pleas; (2) keep him informed during the plea negotiations; (3) investigate and advise him of alternate defenses or trial strategies; and (4) explain the possibility of "diversion . . . from the criminal process," *i.e.*, not challenging his prosecution as an adult and failing to assert his *Miranda* rights with respect to his pretrial statements to police. He further claims on appeal that his hard 15

life sentence and the consecutive 172-month prison sentence constituted cruel and unusual punishment under the Eighth Amendment to the United States Constitution and/or § 9 of the Kansas Constitution Bill of Rights.

In the district court's first consideration of the motion, it incorrectly treated Kelly's pro se pleading as a request for relief under K.S.A. 60-1507 (habeas corpus statute) and denied it as time barred. Kelly appealed. This court reversed and remanded the motion for further proceedings, holding that the district court should have considered the motion under K.S.A. 22-3210(d), the statute applicable at the time to postsentence motions to withdraw pleas. *State v. Kelly*, 291 Kan. 563, 564-67, 244 P.3d 639 (2010). We concluded the motion was not time barred under the statute and on remand the district court was required to determine whether Kelly was entitled to withdraw his plea to correct manifest injustice. 291 Kan. at 564-67.

Notably, K.S.A. 22-3210 was amended in 2009. It now imposes a 1-year time limitation, which may be extended by a showing of excusable neglect. See L. 2009, ch. 61, sec. 1; K.S.A. 2013 Supp. 22-3210(e). Those revisions are not applicable to Kelly's motion.

On remand, the district court again denied the motion without conducting an evidentiary hearing. In doing so, it observed that Kelly had two trial attorneys, both of whom participated in the plea hearing and separately stated on the record that they had informed Kelly of the rights he was waiving, and that even if counsel had not informed Kelly of the rights being waived, he could not establish prejudice because the district court informed him of those rights during the plea hearing. The court also rejected Kelly's claims that trial counsel failed to properly advise him of the sentencing ranges, and again determined that even if trial counsel had not properly advised him of the possible sentencing range, the district court had "fully informed Defendant of the sentencing range at the plea hearing."

Similarly, the district court found from the record that trial counsel had apprised Kelly of the plea discussions and were very effective in those negotiations. The court likewise found no merit in Kelly's claims that his attorneys failed to investigate alternate de-

fenses and trial strategies. It noted Kelly did not identify any potential defenses or strategies his attorneys allegedly failed to investigate and Kelly had expressly stated at the plea hearing that he was satisfied with the plea and with his attorneys' representation.

The district court also found Kelly's attorneys were not ineffective for allegedly failing to pursue a claim that Kelly's *Miranda* rights were violated. The court determined Kelly's sole contention that police questioning was improper because his parent, guardian, or attorney was not present was insufficient to establish a violation of his *Miranda* rights under the factors set out in *State v. Young*, 220 Kan. 541, Syl. ¶ 2, 552 P.2d 905 (1976) ("The age of the juvenile, the length of the questioning, the juvenile's education, the juvenile's prior experience with the police, and the juvenile's mental state are all factors to be considered in determining the voluntariness and admissibility of a juvenile's confession into evidence.").

Finally, the district court concluded that Kelly's failure to timely assert his actual innocence and the long delay in filing the motion to withdraw his plea weighed against determining that manifest injustice existed.

Kelly filed a timely notice of appeal. This court has jurisdiction pursuant to K.S.A. 22-3601(b)(1) (off-grid crime; life sentence).

## Denial of Motion to Withdraw Plea

At the time Kelly filed his motion, the statute governing a district court's decision to grant or deny a withdrawal of a guilty plea stated in pertinent part: "To correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw the plea." K.S.A. 22-3210(d). Kelly claims he demonstrated manifest injustice and the district court erred in summarily denying his motion.

In that regard, we observe Kelly frames his issues now differently than when he last argued before this court. At that time, his appellate counsel conceded at oral argument that the district court was not required to hold an evidentiary hearing on remand in order to determine the merits of Kelly's claims against the manifest injustice standard in K.S.A. 22-3210(d). *Kelly*, 291 Kan. at 567. But

in this appeal, Kelly contradicts that concession without explanation and argues now, in part, that he was entitled to an evidentiary hearing before disposition on the merits.

*Standard of Review*

Summary denial of a postsentence plea withdrawal motion is reviewed de novo if there was no argument and evidentiary hearing. *State v. Moses*, 296 Kan. 1126, 1127-28, 297 P.3d 1174 (2013). Summary disposition is appropriate if there is no substantial question of law or triable issue of fact and the files and records conclusively show the defendant is not entitled to relief on the motion. *State v. Jackson*, 255 Kan. 455, Syl. ¶ 4, 874 P.2d 1138 (1994). The movant bears the burden of alleging facts adequate to warrant a hearing. "[M]ere conclusions . . . are not sufficient to raise a substantial issue of fact when no factual basis is alleged or appears from the record." 255 Kan. at 463.

*Ineffective Assistance of Counsel*

Kelly argues the record does not demonstrate his attorneys advised him of three consequences to his pleas: (1) that he would be subject to a mandatory minimum of 15 years' imprisonment for the murder conviction; (2) that if he had not pled guilty he might have been sentenced as a juvenile if convicted of lesser included offenses at trial; and (3) that he waived his right to pursue a challenge to the alleged violation of his *Miranda* rights by entering the pleas.

When a postsentence motion to withdraw a plea alleges ineffective assistance of counsel, the constitutional test for ineffective assistance must be met to establish manifest injustice. *State v. Bricker*, 292 Kan. 239, Syl. ¶ 5, 252 P.3d 118 (2011). When deficient attorney performance is alleged, we perform the familiar two-pronged *Strickland* analysis, determining: (1) whether the attorney's performance fell below an objective standard of reasonableness and (2) whether there is a reasonable probability that, but for the attorney's errors, the result of the proceeding would have been different. See *Bricker*, 292 Kan. at 245-46; see also *Chamberlain v. State*, 236 Kan. 650, 656-57, 694 P.2d 468

(1985) (citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674, *reh. denied* 467 U.S. 1267 [1984]).

During this analysis, there is a strong presumption counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." 236 Kan. at 655. When, as here, the conduct at issue preceded a guilty plea, prejudice means a reasonable probability that, but for the deficient performance, the defendant would have insisted on going to trial instead of entering the plea. *State v. Shears*, 260 Kan. 823, Syl. ¶ 2, 925 P.2d 1136 (1996); *State v. Wallace*, 258 Kan. 639, Syl. ¶ 2, 908 P.2d 1267 (1995). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Chamberlain*, 236 Kan. at 657.

### (1) *Alleged failure to advise Kelly of the mandatory minimum sentence*

In his motion, Kelly alleges his attorneys told him he would be sentenced to 13 years' imprisonment, with the possibility of release in 10 years for good time. On appeal, this allegation changed to a contention that his attorneys were ineffective for failing to advise him of the mandatory minimum sentence for felony murder. Both claims are contrary to the record.

A guilty plea must be voluntarily and intelligently made. In that vein, " '[d]efense counsel has an obligation to advise a defendant as to the range of permissible penalties and to discuss the possible choices available to the defendant.' " *Shears*, 260 Kan. at 830 (quoting *State v. Solomon*, 257 Kan. 212, 223, 891 P.2d 407 [1995]). We have applied this rule to reverse a district court's summary denial of a plea withdrawal motion when based in part on defense counsel's alleged failure to advise a defendant of the maximum sentence that could be imposed as a result of a plea. See *State v. White*, 289 Kan. 279, 285-88, 211 P.3d 805 (2009).

At Kelly's plea hearing, one of his attorneys said, "[W]e have shown [Kelly] the sentencing range under the guidelines," adding that he had advised Kelly of the "best-case worst-case middle-case scenario." And, notwithstanding what his attorneys may or may not have specifically told him off the record, Kelly acknowledged dur-

ing a colloquy with the trial court at the plea hearing that he understood that he faced a possible life sentence for the felony-murder charge and a sentencing range of 46 to 206 months for aggravated robbery. We observe nothing in the record that supports Kelly's allegations regarding the range of sentences he might expect. In addition, we agree with the district court that it is relevant in deciding an allegation of manifest injustice that Kelly received his sentence, made no contemporaneous objection, and waited another 12 years before advancing these claims.

We hold the district court was correct to summarily conclude Kelly's counsel was not ineffective and to refuse to allow plea withdrawal as to this claim.

(2) *Alleged failure to advise Kelly of possible juvenile sentencing*

Kelly argues next that the record does not affirmatively show whether he understood he might have been sentenced as a juvenile under K.S.A. 38-1636(i) (Furse 1993) if he had rejected the plea, gone to trial, and was then convicted of a lesser included offense instead of the first-degree murder and aggravated robbery charges against him. See *State v. Perez*, 267 Kan. 543, 546-48, 987 P.2d 1055 (1999) (defendant certified as an adult on one charge but convicted of a lesser offense should be sentenced as a juvenile under K.S.A. 38-1636[i] [Furse 1993]). Kelly contends that because the record does not expressly show he had this knowledge, the district court's decision must be reversed in favor of an evidentiary hearing. We disagree.

To begin with, this argument is raised for the first time on appeal and should fail on that basis alone. See *State v. Cheffen*, 297 Kan. 689, 696-99, 303 P.3d 1261 (2013) (declining to address jury polling issue for first time on appeal); *State v. Plotner*, 290 Kan. 774, 784, 235 P.3d 417 (2010) (declining to address cruel or unusual punishment claim for first time on appeal).

But even if Kelly had properly raised this issue, the record provides no reasonable basis to believe a lesser included offense instruction might have been given at his trial. Rather, it shows the operative facts were that Kelly entered the liquor store to take money, was carrying a sawed-off shotgun, and killed the store clerk

in the process of committing the crime. See *State v. Reid*, 286 Kan. 494, 522-23, 186 P.3d 713 (2008) (aggravated robbery defendant who was armed with dangerous weapon and killed victim not entitled to lesser included offense robbery instruction); *State v. Branning*, 271 Kan. 877, 887, 26 P.3d 673 (2001) (at time of offense, no lesser included offense instruction for felony murder unless evidence of underlying felony weak, inconclusive, or conflicting). Kelly offers no factual basis for supposing that some other evidence might have arisen to justify the giving of instructions for lesser included offenses, and no bases are apparent from the record before us.

Failure to advise Kelly of a matter not relevant under the facts of his case could not have constituted deficient performance and does not justify reversal of the district court's summary denial of Kelly's motion. See *State v. Gleason*, 277 Kan. 624, 648, 88 P.3d 218 (2004) (court analyzing ineffective assistance claim premised on counsel's failure to object to letters written by defendant, and noting letters would have been admitted even if counsel had objected).

(3) *Alleged failure to advise Kelly regarding the Miranda challenge*

Kelly asserts next that his attorneys were ineffective because they failed to follow through with a challenge to the admissibility of his statements to police and failed to inform him that he would waive his right to continue pursuing such a challenge by pleading guilty. He argues manifest injustice would arise if he did not understand he was abandoning any contest to the admissibility of his statements. Again, we disagree.

First, the argument is premised on a supposition that we cannot review on appeal. Kelly's original motion to suppress is not in the appellate record, so we have nothing from which to determine whether there was ever any factual or legal basis for the motion. Second, the district court found Kelly's motion to withdraw his plea was insufficient on its face because it failed to allege necessary facts. The district court observed that this court's decision in *Young* required consideration of five factors when a juvenile challenges

the voluntariness of statements to police: (1) the juvenile's age; (2) the length of the questioning; (3) the juvenile's education; (4) the juvenile's prior experience with the police; and (5) the juvenile's mental state during questioning. See *Young*, 220 Kan. at 546-47. But Kelly's motion only alleged police questioning was improper because his parent, guardian, or attorney was not present, and it offered no other factual allegations relevant under *Young* to show a violation of Kelly's *Miranda* rights. The district court held this claim, standing alone, was not enough to demonstrate a *Miranda* violation based on *Young*. We agree.

Finally, we hold further that each of Kelly's ineffectiveness arguments fails because he does not claim his decision to enter his pleas would have changed, but for the alleged deficient performance by his attorneys. In *State v. Adams*, 297 Kan. 665, 672, 304 P.3d 311 (2013), this court rejected an ineffective assistance claim, and a corresponding plea withdrawal motion, based on advice given by counsel before a guilty plea because there was no reasonable probability that the correct advice would have changed the defendant's decision to enter the plea. The evidence of the defendant's guilt was overwhelming. It included her confession, the victim's testimony, and potential testimony from an accomplice. We noted that a trial could have resulted in convictions for other crimes and a greater sentence. We held that absent her attorney's alleged errors it was unlikely the defendant would have risked trial. 297 Kan. at 672.

Similarly, the record shows Kelly requested that his attorneys enter into plea negotiations after his accomplices were convicted in jury trials and he learned of their sentences. The record further shows his request was motivated by a recognition and fear that he likely would receive a greater sentence of imprisonment than his accomplices if he went to trial because he was the shooter. At the plea hearing, Kelly's lawyers both expressed concerns that Kelly could be found guilty of a premeditated killing that would subject him to a hard 25 or hard 40 sentence. And one of Kelly's lawyers concluded that Kelly could face a sentence of such length that "he might die in the penitentiary" if convicted at trial because of his prior juvenile record.

In light of the stated justifications for pleading guilty, it is apparent he entered his pleas with the specter of harsher punishment looming if he chose to go to trial—a risk that remained regardless of the information he alleges was withheld. We hold that Kelly has failed to establish prejudice. There is no reasonable probability he would have insisted on going to trial instead of entering his pleas under the circumstances.

For these reasons, we hold the district court did not err in denying Kelly's motion as to the ineffective assistance of counsel claims without the benefit of an evidentiary hearing.

*Disproportionality of Sentence*

As his final argument to support plea withdrawal, Kelly contends he should have been afforded an evidentiary hearing as to whether his hard 15 life sentence plus 172 months' imprisonment was a cruel and/or unusual punishment under the Eighth Amendment to the United States Constitution or § 9 of the Kansas Constitution Bill of Rights. He argues a disproportionate sentence would constitute manifest injustice for purposes of setting aside a plea agreement under K.S.A. 22-3210(d). The district court did not address whether Kelly's sentence constituted cruel and unusual punishment when it denied his motion. Kelly claims the issue was properly before the court. We disagree.

Kelly filed his pro se pleading titled "Motion to Withdraw Plea and to Correct Illegal Sentence and to Vacate Sentence" and an 11-page memorandum of law supporting that motion. Embedded within the memorandum was a single sentence stating: "Movant's sentence of LIFE plus 172 MONTHS, under the facts of the case, violates movant's 5th, 6th, 8th, and 14th amendment rights as cruel and unusual punishment." Neither the motion nor the memorandum makes any other reference to this claim or any facts supporting it.

In his brief to this court, Kelly sets out several case-specific reasons why he believes his sentence is disproportionate in violation of the state and federal Constitutions. These facts include Kelly's upbringing, his age, and the facts involving his crimes. He then contends, "[C]onsidering the nature of the offense and the char-

acter of the offender in this case, Mr. Kelly should not be serving a life sentence for an accidental death that resulted from a bad decision made at the age of fourteen." But none of these arguments were in the pleadings before the district court, which are the focus of our review.

As noted above, a movant is not entitled to an evidentiary hearing on a postsentence plea withdrawal motion unless that motion raises substantial issues or fact or law. Mere conclusions are insufficient. *Jackson*, 255 Kan. at 463. A case-specific challenge to the proportionality of a term-of-years sentence is an inherently factual inquiry. See *State v. Florentin*, 297 Kan. 594, 605, 303 P.3d 263 (2013). A bare assertion that the sentence is cruel and unusual is not sufficient to preserve a disproportionality claim. See *State v. Levy*, 292 Kan. 379, 384-85, 253 P.3d 341 (2011) (discussing *State v. Garza*, 290 Kan. 1021, 1032-34, 236 P.3d 501 [2010]).

Kelly's motion alleged only that his sentence is cruel and unusual. This conclusory allegation lacked any factual support and, therefore, did not preclude summary denial of his plea withdrawal motion.

## Illegal Sentence

Kelly also argues his aggravated robbery sentence is illegal because his prior juvenile adjudications were used both to certify him for trial as an adult and in his criminal history score when fixing his sentence. The State claims this court lacks jurisdiction to consider a motion to correct an illegal sentence presented for the first time on appeal. Whether appellate jurisdiction exists and whether a sentence is illegal are both questions of law subject to de novo review. *State v. Berreth*, 294 Kan. 98, 109, 273 P.3d 752 (2012) (jurisdictional questions); *State v. Trotter*, 296 Kan. 898, 902, 295 P.3d 1039 (2013) (citing *State v. Neal*, 292 Kan. 625, 630, 258 P.3d 365 [2011]) (illegality of sentence).

We begin by rejecting the State's jurisdictional argument. This court unquestionably may entertain Kelly's argument for the first time on appeal. Kansas courts have "specific statutory jurisdiction to correct an illegal sentence at any time." *State v. Scherzer*, 254 Kan. 926, 930, 869 P.2d 729 (1994) (citing K.S.A. 22-3504); see

also *State v. Rogers*, 297 Kan. 83, 93, 298 P.3d 325 (2013) ("This court may correct an illegal sentence *sua sponte*.").

Kelly's assertion that the dual use of his prior juvenile adjudications renders his sentence illegal hinges on his interpretation of K.S.A. 1994 Supp. 21-4710(d)(11), which at the time of Kelly's crimes provided:

"Prior convictions of any crime shall not be counted in determining the criminal history category if they enhance the severity level or applicable penalties, elevate the classification from misdemeanor to felony, or are elements of the present crime of conviction. Except as otherwise provided, all other prior convictions will be considered and scored."

Kelly argues this provision prohibited use of his juvenile adjudications to compute his criminal history score because the district court had already considered them when it ordered that juvenile jurisdiction over Kelly be waived and that Kelly be prosecuted as an adult pursuant to K.S.A. 38-1636(a) (Furse 1993).

In *State v. Lanning*, 260 Kan. 815, 818-19, 925 P.2d 1145 (1996), the court considered and rejected this argument. It held that a prior juvenile adjudication is not a criminal conviction and, therefore, not a "prior conviction of crime" for purposes of the K.S.A. 21-4710(d)(11) prohibition, relying on our holding in *State v. LaMunyon*, 259 Kan. 54, 59, 911 P.2d 151 (1996). We explained:

"The use of Lanning's prior juvenile adjudication does not violate K.S.A. 21-4710(d)(11), which refers only to prior criminal convictions. The use of the prior juvenile felony adjudication in determining whether to prosecute a juvenile offender as an adult under K.S.A. 1994 Supp. 38-1602(b)(3) does not enhance the severity level of a crime . . . but determines when a juvenile may no longer be classified as a juvenile. . . . It is only after this classification has been made and the offender is prosecuted and then convicted of the second felony crime that the sentencing guidelines apply." 260 Kan. at 819.

Kelly acknowledges *Lanning* but claims it misinterpreted K.S.A. 1994 Supp. 21-4710 to the extent it held that a juvenile adjudication does not constitute a "prior conviction." He cites K.S.A. 1994 Supp. 21-4710(a), which included juvenile adjudications among a list of "prior conviction" types upon which criminal history categories are based. From this he argues *Lanning*'s further holding— that prosecuting a defendant as a juvenile based on past convictions

does not enhance the applicable sentence—is tainted by the error and the case lacks precedential value.

Once a point of law has been established by a court, that point of law will generally be followed by the same court and all courts of lower rank in subsequent cases where the same legal issue is raised. *Rhoten v. Dickson*, 290 Kan. 92, 112, 223 P.3d 786 (2010). "While this court is not inexorably bound by its own precedent, it will follow the law of earlier cases unless clearly ' "convinced that the rule [at issue] was originally erroneous or is no longer sound because of changing conditions and that more good than harm will come by departing from precedent." ' " 290 Kan. at 112.

Kelly fails to recognize the distinction between K.S.A. 1994 Supp. 21-4710(a), which specifically classified juvenile adjudications as "prior convictions" that must be used to determine the applicable criminal history category, and K.S.A. 1994 Supp. 21-4710(d)(11), which concerns "[p]rior convictions *of any crime* . . . ." (Emphasis added.) As we observed in *Lanning* and *LaMunyon,* a juvenile adjudication is not a criminal conviction, despite the fact it contributes to a defendant's criminal history score when sentencing a criminal conviction. See *Lanning*, 260 Kan. 815, Syl. ¶ 4; *LaMunyon*, 259 Kan. at 59.

We are not convinced *Lanning* was wrongly decided. Considering a prior juvenile adjudication in determining whether a defendant is or is not a juvenile offender does not enhance a criminal offense's severity level or its applicable penalties. The determination essentially dictates whether the defendant will be tried for a criminal offense, and, as noted in *Lanning*, is made before the Kansas Sentencing Guidelines Act applies to the case. See *Lanning*, 260 Kan. at 819.

We hold Kelly's aggravated robbery sentence, which was within the presumptive sentence for that crime based on his criminal history score, is not an illegal sentence.

Affirmed.