No. 110,435

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellant*,

v.

MICHAEL J. PEARCE, JR.,
*Appellee.*

SYLLABUS BY THE COURT

1.

An appeal is heard on a question reserved by the State only to address a matter of some statewide importance, not merely to show that the district court was wrong in a particular case. The appellate court's ruling on a question reserved does not have any effect on the criminal defendant or juvenile offender in that case.

2.

One factor that determines the length of a defendant's presumptive sentence for a felony conviction under the Kansas sentencing guidelines is the defendant's criminal-history score. Unless excluded by statute, all prior criminal convictions are considered for criminal-history-scoring purposes. K.S.A. 2013 Supp. 21-6810(d)(9).

3.

Prior convictions considered under a statute applicable to certain recidivist burglars, K.S.A. 2013 Supp. 21-6804(l) (which provides a presumptive prison sentence instead of probation), are not excluded from consideration for determining the

defendant's criminal-history category. Thus, all prior burglary convictions are considered for criminal-history purposes.

Appeal from Miami District Court; AMY L. HARTH, judge. Opinion filed January 23, 2015. Appeal sustained.

*Jason A. Oropeza* and *Robert R. Johnson*, assistant county attorneys, *Elizabeth Sweeney-Reeder*, county attorney, and *Derek Schmidt*, attorney general, for appellant.

*Jenni L. Howsman*, legal intern, and *Randall L. Hodgkinson*, of Kansas Appellate Defender Office, for appellee.

Before MALONE C.J., LEBEN and ATCHESON, JJ.

LEBEN, J.: Under the Kansas sentencing guidelines, the more serious a defendant's past offenses are, the greater the presumptive sentence if the defendant commits a new felony offense. After Michael Pearce, Jr., was convicted of his fifth burglary, however, the district court did not include Pearce's past residential burglary—a person felony—when calculating his criminal-history score because the court had used that conviction to apply a statute that makes prison the default sentence for recidivist burglars.

The State has appealed, contending that the district court erred by excluding the prior residential burglary when determining Pearce's criminal-history score. The defendant successfully argued in the district court that K.S.A. 2013 Supp. 21-6810(d)(9) prevents the court from counting this offense.

But that statute excludes prior convictions only when "they enhance the severity level, elevate the classification from misdemeanor to felony, or are elements of the present crime of conviction." K.S.A. 2013 Supp. 21-6810(d)(9). None of those criteria were met here: the past offense did not change the severity level of this offense (severity-

2

level 7), did not change the offense from a misdemeanor to a felony, and was not required for conviction of the current offense. K.S.A. 2013 Supp. 21-6810(d)(9) goes on to state that "[e]xcept as otherwise provided, *all other prior convictions will be considered and scored*." (Emphasis added.) Because no statutory exception applied to Pearce's prior residential-burglary conviction, the district court should have considered it when determining Pearce's criminal-history score, which determines the length of his presumptive prison sentence.

FACTUAL, PROCEDURAL, AND LEGAL BACKGROUND

In late September or early October 2012, Pearce and another man broke into a building in Miami County and stole an all-terrain vehicle and related equipment. When police questioned him, Pearce confessed to the burglary and theft and offered to return some of the stolen property.

Under a plea agreement in June 2013, Pearce pled guilty to burglary of a dwelling, a severity-level-7 person felony, and felony theft (property valued at $1,000 or more), a severity-level-9 nonperson felony. The State agreed to dismiss a criminal-damage-to-property charge and an unrelated criminal case against him.

Pearce had six prior convictions—two misdemeanor thefts and four burglaries: three burglaries of a nondwelling, which are nonperson felonies, and one residential burglary, a person felony. All of the convictions were from 2012.

A defendant's prior convictions are important because Kansas uses sentencing guidelines when determining sentences on felony offenses. Those guidelines are based on two major factors—the severity level of the offense and the criminal-history score of the offender. The more severe the offense, the greater the potential prison sentence.

3

Similarly, the greater the defendant's criminal-history score, the greater the potential prison sentence. See K.S.A. 2013 Supp. 21-6804(a).

The criminal-history-score range runs from A, the most serious (applicable to a person with three or more person felonies), to I, the least serious (applicable to a person with no more than one misdemeanor conviction). See K.S.A. 2013 Supp. 21-6809. If all of Pearce's prior convictions are used to determine his criminal-history score, he would be in category C, applicable to a person with at least one person and one nonperson felony. But if his prior residential-burglary conviction is excluded, his criminal-history category drops to E, which applies to a person with three or more prior felonies but no person felonies.

An additional statute can affect the sentence of a recidivist burglar like Pearce. Before the statute was enacted, the presumptive sentence for a nonresidential burglary (a nonperson felony) for a defendant with no person-felony convictions was probation—no matter how many burglaries the defendant had committed. For example, even with a conviction on more than a dozen charges for nonresidential burglary, theft, and criminal damage to property, a court was required to enter a departure sentence to send a defendant to prison instead of placing him or her on probation. See *State v. Snow*, 40 Kan. App. 2d 747, 748-50, 195 P.3d 282 (2008), *rev. denied* 289 Kan. 1285 (2009). The district court may enter a dispositional-departure sentence in such cases only when substantial and compelling reasons support the departure. 40 Kan. App. 2d at 756-57.

The legislature addressed the case of the recidivist burglar with a special sentencing provision enacted in 2008, eliminating presumptive-probation sentences for burglars who reoffend. See L. 2008, ch. 183, sec. 4, codified at K.S.A. 2009 Supp. 21-4704(l). The provision is now found in K.S.A. 2013 Supp. 21-6804(l); under it, anyone who commits a residential burglary has a presumptive prison sentence if that person has previously committed any burglary—residential or otherwise.

In the district court, Pearce argued that one of his past burglary convictions must be used to trigger the recidivist-burglar penalty and cannot also be used in calculating his criminal-history category. In support, he cited K.S.A. 2013 Supp. 21-6810(d)(9), which provides that a conviction used to "enhance the severity level" of the current crime is not counted for criminal-history purposes. The defendant then argued that although any one of the burglary convictions would have triggered the recidivist-burglar prison sentence, the residential-burglary conviction should be used for that purpose because of the rule of lenity, under which ambiguities in criminal statutes are construed in favor of the defendant.

The State's response accepted the defendant's presumption that one of the past burglaries had to be excluded but argued that "the prior conviction removed from scoring should be the one that has the least [effect] on a defendant's criminal history." The State argued that the residential-burglary conviction, Pearce's only person-felony conviction, thus should still be scored.

The district court summarized the attorneys' arguments as "a debate . . . as to what was the appropriate crime to throw [out]" in determining the criminal-history category. The court said that it found the defendant's argument "more compelling" because "the statute has to be construed in favor of the Defendant." By excluding the residential-burglary conviction, Pearce's criminal-history category was E rather than C. The sentencing range for Pearce's severity-level-7 burglary conviction in this case at category E ranged from 19 to 23 months in prison, while the sentence for a defendant in category C ranged from 25 to 29 months in prison. See K.S.A. 2013 Supp. 21-6804(a).

The district court sentenced Pearce to 21 months in prison on the burglary conviction and 6 months in prison for theft, with the sentences to run concurrently with

5

one another, for a controlling sentence of 21 months in prison. The court denied Pearce's motion for a dispositional-departure sentence to probation instead of prison.

ANALYSIS

On appeal, both parties reprise their arguments. Both sides agree on what statutes apply: K.S.A. 2013 Supp. 21-6804(l), the recidivist-burglar provision, and K.S.A. 2013 Supp. 21-6810(d)(9), which excludes some convictions when scoring a defendant's criminal history.

But neither party ties the argument to the words found in these statutes. When one does so, the answer here is quite clear.

We start with K.S.A. 2013 Supp. 21-6810(d)(9). It establishes a general rule under which all convictions are scored unless excluded, and it excludes only convictions that enhance the severity level of the crime, change the crime from misdemeanor to felony, or constitute an element of the offense:

> "Prior convictions of any crime shall not be counted in determining the criminal history category if they enhance the severity level, elevate the classification from misdemeanor to felony, or are elements of the present crime of conviction. Except as otherwise provided, all other prior convictions will be considered and scored." K.S.A. 2013 Supp. 21-6810(d)(9).

We can quickly see that none of the conditions for exclusion are met in Pearce's case. His offense was a severity-level-7 felony, and neither its severity level nor its felony status was impacted by any of his past convictions. See K.S.A. 2013 Supp. 21-5807(a)(1), (c)(1)(A). Nor is an element of the offense (burglary) having committed a prior burglary. See K.S.A. 2013 Supp. 21-5807(a)(1). So none of his past burglary

6

convictions would be excluded from criminal-history scoring under the very specific words used in the statute.

Even so, Pearce cites a Kansas Supreme Court case, *State v. Zabrinas*, 271 Kan. 422, 443, 24 P.3d 77 (2001), for the proposition that prior convictions may not be scored "if they enhance the applicable penalties of the present conviction." Prison is obviously a greater sanction than probation, so *Zabrinas* seems to support Pearce's position. Once again, though, Pearce fails to trace the *Zabrinas* holding to the language of the applicable statute. When we do so, we see that the statutory language when *Zabrinas* was decided differs from today's statute.

The issue in *Zabrinas* involved a persistent sex offender; a special sentencing statute provided for doubling the prison term for certain recidivist sex offenders. The Kansas Supreme Court agreed with Zabrinas' argument that "the conviction used to find that [Zabrinas] was a persistent sex offender may not also be used to calculate his criminal history." 271 Kan. at 443. But it did so under the language of the predecessor statute to the present K.S.A. 2013 Supp. 21-6810(d)(9), which provided an exclusion not only when the prior conviction enhanced the severity level of the crime but also when it enhanced the *applicable penalties*:

> "'Prior convictions of any crime shall not be counted in determining the criminal history category if they enhance the severity level *or applicable penalties*, elevate the classification from misdemeanor to felony, or are elements of the present crime of conviction. Except as otherwise provided, all other prior convictions will be considered and scored.'" (Emphasis added.) *Zabrinas*, 271 Kan. at 443 (quoting K.S.A. 21-4710[d][11]).

The *Zabrinas* opinion had specifically relied upon and approved the reasoning of an opinion of this court on the same issue, *State v. Taylor*, 27 Kan. App. 2d 62, 998 P.2d

123, *rev. denied* 269 Kan. 940 (2000). See *Zabrinas*, 271 Kan. at 443-44. Our court pegged its ruling squarely on the "applicable penalties" language then in the statute:

> "Here, the statute flatly prohibits use of prior convictions to determine the criminal history category 'if they enhance the severity level or applicable penalties.' There can be no doubt that classification as a persistent sex offender enhances the applicable penalties . . . ." 27 Kan. App. 2d at 64-65.

But the legislature eliminated the "applicable penalties" language in 2010. See L. 2010, ch. 36, sec. 1, effective April 8, 2010. *Zabrinas* and *Taylor* applied the older statutory language, not the current version, K.S.A. 2013 Supp. 21-6810(d)(9).

We have now resolved the primary issue before us: The district court erred when it excluded one of Pearce's burglary convictions when determining his criminal-history category. We must also address one other issue: Is the answer to the main question of statewide importance? The State cited K.S.A. 2013 Supp. 22-3602(b)(3), its right to appeal "upon a question reserved," as the sole basis for its appeal in both its notice of appeal and its docketing statement. Such an appeal is heard only to address a matter of some statewide importance, not merely to show that the district court was wrong in a particular case. *In re E.F.*, 41 Kan. App. 2d 860, Syl. ¶ 1, 205 P.3d 787 (2009). Pearce argues that the determination of his criminal-history score did not present an issue of statewide importance.

But no appellate decisions discuss the elimination of the "applicable penalties" language from the statute on how to score a defendant's criminal history. And many cases have relied upon that language in holding that certain convictions must be excluded. See *Zabrinas*, 271 Kan. at 443-44; accord *State v. Arnett*, 290 Kan. 41, 48-49, 223 P.3d 780 (2010) (holding that forgery conviction used to increase mandatory-minimum sentence could not be counted to score criminal history); *State v. Gilley*, 290 Kan. 31, 38-39, 223

8

P.3d 774 (2010) (same); *State v. Luttig*, 40 Kan. App. 2d 1095, 1098-99, 199 P.3d 793 (2009) (same); *Taylor*, 27 Kan. App. 2d at 64-65. Our opinion in Pearce's case alerts the bench and bar that these cases—decided based on statutory language no longer in place—may no longer be good law. Our opinion also serves as a reminder that when determining an issue governed by statute, you must start with the language of the statute.

The appellate court's ruling on a question reserved does not have any effect on the defendant in the case. *In re E.F.*, 41 Kan. App. 2d 860, Syl. ¶ 2. Accordingly, Pearce's sentence is not affected by this decision.

We sustain the State's appeal on the question reserved.

\* \* \*

ATCHESON, J., dissenting:  The State's appeal from a sentencing decision of the Miami County District Court fails to present a legal question of statewide interest or importance, as required under K.S.A. 2013 Supp. 22-3602(b)(3). See *State v. Berreth*, 294 Kan. 98, 121-22, 273 P.3d 752 (2012) (An appellate court should address a question reserved only if the issue is "of statewide interest" bearing on "the correct and uniform administration of criminal law."). In debating and fashioning a sentence for Defendant Michael J. Pearce, Jr., the lawyers and the district court mistakenly relied on statutory language that had been repealed. On appeal, based on a question reserved, the State simply continues the debate over how to construe an extinct sentencing provision in a case to which it never applied. I would dismiss the appeal as an artificial exercise of no particular importance except, perhaps, to the participants in this case. So I respectfully dissent from the majority's decision to entertain the matter at all. See *State v. Herman*, 50 Kan. App. 2d 316, Syl. ¶ 4, 324 P.3d 1124 (2014) (when question reserved by State for appeal is not of statewide interest, appeal must be dismissed).

I have no quarrel with Judge Leben's thoughtful analysis of the sentencing statutes as they actually apply to scoring Pearce's criminal history for purposes of his present burglary conviction. As that review demonstrates, the controlling statute in effect when Pearce broke the law—and that remains in effect—clearly requires that his previous aggravated burglary conviction be scored as part of his criminal history. K.S.A. 2013 Supp. 21-6810(d)(9). The parties and the district court, however, relied on an earlier version of the statute and sparred over how a past conviction should be treated for criminal history purposes if it were also used to "enhance" the "applicable penalties" to be imposed for a defendant's current crime of conviction. But the Kansas Legislature amended K.S.A. 2013 Supp. 21-6810(d)(9) and eliminated the phrase "applicable penalties" effective in 2010, some 2 years before Pearce committed the burglary at hand. See L. 2010, ch. 36, sec. 1. As a result, the parties and the district court were assessing how to apply language that had been removed from the statute well before this crime and this case.

More specifically, as the parties framed the issue, the district court had to decide whether Pearce's past conviction for aggravated burglary or one of his past convictions for simple burglary enhanced the penalty for his current burglary by eliminating probation as a sentencing option and requiring that he be sent to prison. The past conviction used for that purpose could not have been scored in Pearce's criminal history under the old version of the statute. And the aggravated burglary would significantly increase his criminal history if it were scored.

But the issue is a false one in this case. Under the amended version of K.S.A. 2013 Supp. 21-6810(d)(9), that really applied to Pearce, all of his past burglary convictions should have been scored in his criminal history. As Judge Leben has explained, the current statutory language is excruciatingly clear on that point.

10

On appeal, the State effectively denominates the same false issue as the question reserved: Should the district court have excluded Pearce's aggravated burglary conviction or one of his simple burglary convictions from his criminal history? Both sides argue the merits of that question, focusing on how to weigh the rule of lenity in construing the statutory language and citing cases considering K.S.A. 21-4710(d)(11), the predecessor to the preamendment version of K.S.A. 2013 Supp. 21-6810(d) (9). In short, the parties argue the question reserved as if K.S.A. 2013 Supp. 21-6810(d)(9) had never been amended and seek a ruling on how to construe the language the legislature repealed in 2010.

The question, then, isn't one presented in the law properly governing this case. And it isn't a question the State suggests might affect a significant number of defendants actually sentenced under the old version of the statute. The majority, quite correctly, doesn't presume to answer that question. Accordingly, I fail to see how the appeal is properly before us. See *Herman*, 50 Kan. App. 2d, Syl. ¶ 4. As a practical matter, the appeal accomplishes little other than to show that the district court made a mistake—with a great big assist from the parties' lawyers. An appeal based on a question reserved cannot be brought for that reason. See *Berreth*, 294 Kan. at 121.

The majority justifies taking the appeal at all because its decision will highlight the 2010 legislative amendment to K.S.A. 2013 Supp. 21-6810(d)(9). And because, as the majority notes, this case represents a cautionary tale about failing to ascertain the operative statutory language governing a legal issue. I wholeheartedly agree that in considering a statutory matter, lawyers and judges ought to read the relevant statutes. Even if they think they know what the statutes say, their memories may be faulty. That's why there are statute books. And legislative gremlins may have been at work, so the statutes no longer say what they once did. That's why there are supplements to the statute books. But those reasons are the stuff of continuing legal education programs.

11

The State has not articulated a legal question of broad interest that demands to be answered because it poses a novel or difficult issue or would affect a significant number of litigants. That is the stuff of a question-reserved appeal. I would dismiss this appeal because it doesn't have the right stuff, and we, therefore, lack jurisdiction.