NOT DESIGNATED FOR PUBLICATION

No. 116,855

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

WILLIE MCDONALD JR.,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; STEPHEN J. TERNES, judge. Opinion filed January 26, 2018. Affirmed.

*Carl F.A. Maughan*, of Maughan Law Group LC, of Wichita, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GREEN, P.J., MALONE and ATCHESON, JJ.

PER CURIAM: For the first time on appeal, Defendant Willie McDonald Jr. challenges the Sedgwick County District Court's order that he pay $45,609.07 in restitution to multiple victims based on a series of break-ins and thefts from liquor stores in Wichita. McDonald contends the amount of restitution is unworkable and, therefore, the district court abused its discretion entering the order. Because McDonald never disputed the restitution amount as impermissibly burdensome in the district court—an issue that is intensely fact based—we decline to consider it now absent any specific

1

factual development of the point in the district court or an actual ruling on the point from the district court. We, therefore, affirm the restitution order.

In March 2015, the State charged McDonald with 22 counts of felony burglary, 17 counts of felony theft, and 5 counts of misdemeanor theft arising from a series of crimes targeting liquor stores. A little over a year later, McDonald entered into an arrangement with the State calling for him to plead guilty to 11 counts of felony burglary, 9 counts of felony theft, and 2 counts of misdemeanor theft in exchange for the dismissal of the other charges. As part of the arrangement, McDonald agreed to pay "restitution for both charged and dismissed counts." The written plea agreement identified each party entitled to restitution and the itemized amount to be paid that party. The district court accepted McDonald's pleas at a hearing in late April 2016.

McDonald filed a motion for a departure sentence, citing his guilty pleas and his poor health as reasons. At a hearing in late July 2016, the district court denied the motion and sentenced McDonald to a controlling term of 29 months in prison with 12 months' postrelease supervision. Under the circumstances, that reflected a presumptive guidelines sentence. The district court also ordered McDonald to pay restitution in conformity with the plea agreement. McDonald neither disputed the amount of restitution nor argued the amount was financially unworkable and would impose an undue burden on him. McDonald timely appealed.

For his only issue on appeal, McDonald contends the district court abused its discretion in ordering him to pay restitution. On appeal, McDonald claims the district court failed to consider his age, significant health issues limiting his employment, and his indigent status as indicated by his representation through a court-appointed lawyer and, therefore, abused its discretion in ordering restitution as it did. As provided in K.S.A. 2016 Supp. 21-6604(b)(1), the district court is to order restitution as part of a sentence unless "compelling circumstances . . . would render a plan of restitution unworkable."

2

See *State v. Herron*, 50 Kan. App. 2d 1058, 1065-66, 335 P.3d 1211 (2014) (court vacates restitution order as unworkable).

The defendant bears the burden of presenting evidence of compelling circumstances showing a restitution plan to be unworkable. Neither a defendant's imprisonment nor indigence standing alone necessarily renders a particular restitution plan unworkable. *State v. Alcala*, 301 Kan. 832, 840, 348 P.3d 570 (2015); *Herron*, 50 Kan. App. 2d at 1064. As *Herron* illustrates, the issue presents the district court with an intricate factual balancing of the restitution plan's particulars, especially the amount to be imposed, with the defendant's personal circumstances, including earning capacity and other financial obligations. See 50 Kan. App. 2d at 1065-66.

On appeal, McDonald plucks various facts about himself from the record and says they demonstrate the restitution order in this case is unworkable. He invites us to consider those representations for the first time on appeal and to make a ruling on an issue that should have been presented to the district court. We do not typically consider issues raised for the first time on appeal. *State v. Kelly*, 298 Kan. 965, 971, 318 P.3d 987 (2014). This case illustrates the wisdom of that rule. McDonald never presented an argument on unworkability of restitution to the district court and marshaled no evidence on the point. Accordingly, the State never had the opportunity to respond by showing the reasonableness of the restitution request. And, perhaps more importantly, the district court didn't consider the issue, evaluate the evidence, or make a ruling. We will not usurp that role, especially on a highly fact intensive matter when the party inviting our consideration simply culls more or less random details from the record and attempts to shape them into a fully formed legal argument for the first time on appeal.

We, therefore, affirm the restitution order.