IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 106,107

STATE OF KANSAS,
*Appellee*,

v.

DEBORAH MEEKS,
*Appellant*.

SYLLABUS BY THE COURT

1.

Under the United States and Kansas Constitutions, a defendant is entitled to present the theory of his or her defense and excluding evidence that is an essential part of that theory violates a defendant's fundamental right to a fair trial.

2.

A defendant cannot disclaim a theory of defense before the trial court and then claim on appeal that he or she was prevented from pursuing that defense theory.

Review of the judgment of the Court of Appeals in an unpublished opinion filed January 18, 2013. Appeal from Wyandotte District Court; JOHN J. MCNALLY, judge. Opinion filed December 19, 2014. Judgment of the Court of Appeals affirming the district court is affirmed. Judgment of the district court is affirmed.

*Samuel D. Schirer*, of Kansas Appellate Defender Office, argued the cause, and *Ryan Eddinger*, of same office, was with him on the brief for appellant.

*Sheryl L. Lidtke*, deputy district attorney, argued the cause, and *Jerome A. Gorman*, district attorney, and *Derek Schmidt*, attorney general, were with her on the brief for appellee.

1

The opinion of the court was delivered by

JOHNSON, J.: A jury convicted Deborah Meeks of second-degree intentional murder for fatally shooting her former partner, Wesley Smith, as he sat on a bed in his home. She did not deny that she pointed a handgun at Smith and pulled the trigger several times after the weapon initially malfunctioned and that the weapon ultimately discharged a round into Smith's chest. But she claimed to suffer from battered woman syndrome caused by Smith's many years of abusive and manipulative mistreatment.

Meeks appealed to the Court of Appeals, claiming that the district court erred in two ways: (1) By refusing her request to establish a claim of self-defense based on battered woman syndrome; and, (2) by granting the State's motion in limine barring evidence of specific instances of Smith's abusive and violent acts toward her. The Court of Appeals affirmed Meeks' conviction, finding that the district court did not err in excluding evidence of battered woman syndrome because Meeks had not asserted a claim of self-defense at trial, and, alternatively, that the evidence presented at trial would not have supported a claim of self-defense. *State v. Meeks*, No. 106,107, 2013 WL 310337, at *4-6 (Kan. App. 2013) (unpublished opinion). We granted review based on Meeks' representation in her petition for review that she had attempted to rely on a claim of self-defense in the trial court, which would have allowed this court to consider the panel's holding that this court's decision in *State v. Stewart*, 243 Kan. 639, 646, 763 P.2d 572 (1988), precluded any claim of self-defense by Meeks, regardless of whether she suffered from battered woman syndrome.

2

After shooting Smith, Meeks exited his house, called 911, and waited outside for the police. She was arrested without incident and subsequently charged with first-degree premeditated murder.

Prior to trial, Meeks filed an application requesting an evaluation by Dr. Marilyn Hutchinson, an expert on battered woman syndrome. The State filed an objection to the application, pointing out that Meeks had not asserted that the evaluation was necessary to support a claim of self-defense. At the motion hearing, defense counsel did not explicitly contend that the evaluation was relevant or necessary to a claim of self-defense. Rather, the defense argued that the evaluation was necessary to determine Meeks' state of mind at the time of the shooting. The district court approved Meeks' request but noted that the expert's opinion might not be admissible at trial, depending upon "whatever the theory of the defense is going to be."

Dr. Hutchinson's post-evaluation written report concluded that Meeks had shot and killed Smith "after an unusually controlling two week period" which "was the culmination of years of abuse and control"; and that Meeks "acted in a manner that appears to have been outside of her conscious decision making control," as a result of the "fear, anger and resentment she had from his treatment of her." The report does not explicitly state that the doctor had determined that Meeks was suffering from battered woman syndrome.

The State subsequently filed a motion to determine the admissibility of Dr. Hutchinson's expert testimony, claiming that it was irrelevant and inadmissible because Meeks was not expressly claiming self-defense. At the motion hearing, defense counsel agreed that Meeks was not asserting a claim of classic self-defense. Nevertheless, defense

counsel argued that expert testimony regarding battered woman syndrome should be admissible pursuant to *State v. Hodges*, 239 Kan. 63, 73, 716 P.2d 563 (1986), because it would be helpful to the jury to explain the nature of abusive relationships and why victims stay with a batterer.

At the conclusion of the hearing, the district court announced that it could find no basis upon which to admit Dr. Hutchinson's report or testimony as it was being proffered. But the court provided defense counsel the opportunity to present legal authority for the proposition that expert testimony regarding battered woman syndrome could be admitted in scenarios where the defendant was not acting in self-defense. Apparently, the defense did not seize that opportunity, because the record contains no such additional legal authority.

The State also filed a pretrial motion in limine, seeking to exclude evidence about the couple's past tumultuous relationship, specifically referring to any acts of violence committed by Smith upon Meeks. The State argued that because the evidence surrounding Smith's shooting did not support a claim of self-defense, any evidence regarding Smith's prior conduct was irrelevant. Meeks filed a written response, acknowledging that in light of the district court's ruling, she was not asserting a claim of self-defense. The district court determined that because there was no evidence that Meeks was in imminent danger when she went to Smith's house with a gun, evidence of specific instances of Smith's prior acts of violence were inadmissible, albeit the court ruled that general background information regarding the couples' abusive relationship would be admissible.

Meeks testified at her jury trial, claiming that when she went to Smith's house with the handgun, she intended to scare him, not kill him. The jury's verdict, convicting Meeks

4

of second-degree intentional murder, rather than first-degree premeditated murder, was consistent with Meeks' testimony. Meeks filed a timely appeal to the Court of Appeals.

The Court of Appeals panel affirmed Meeks' conviction, first holding that the district court did not err in excluding Dr. Hutchinson's testimony regarding battered woman syndrome because Meeks had not asserted a claim of self-defense. *Meeks*, 2013 WL 310337, at *5. But the panel then went further, espousing the dictum that even had Meeks attempted to assert a claim of self-defense, there was no evidence to support such a claim. 2013 WL 310337, at *6. Finally, the Court of Appeals held that because Meeks did not assert a claim of self-defense, the district court did not err in excluding specific instances of Smith's prior violent acts against Meeks. 2013 WL 310337, at *6.

Meeks filed a timely petition for review, and this court granted the petition pursuant to K.S.A. 20-3018(b), obtaining jurisdiction under K.S.A. 60-2101(b).

RIGHT TO PRESENT A DEFENSE

Meeks argues that the district court violated her right to a fair trial by refusing her request to establish a claim of self-defense based on the battered woman syndrome. Certainly, under the United States and Kansas Constitutions, a defendant has a right to present his or her defense, albeit the right is not without limits. See *State v. Walters*, 284 Kan. 1, Syl. ¶ 1, 159 P.3d 174 (2007) (right to present defense subject to statutory rules and caselaw interpreting rules of evidence and procedure). And if admissible evidence that is an integral part of the theory of defense is erroneously excluded, the defendant's fundamental right to a fair trial has been violated. *State v. Cooperwood*, 282 Kan. 572, Syl. ¶ 1, 147 P.3d 125 (2006).

But the theory of defense upon which a defendant had a right to present evidence is the theory that the defendant actually pursued at trial. *Cf. State v. Kelly*, 298 Kan. 965, 971, 318 P.3d 987 (2014) (claims not raised before trial court cannot be first raised on appeal). A defendant cannot disclaim a theory of defense in the district court and then claim on appeal that he or she was prevented from pursuing that defense theory. *Cf. State v. Verser*, 299 Kan. 776, 784, 326 P.3d 1046 (2014) (litigant may not invite error, then complain of that error on appeal). The record before us indicates that Meeks clearly indicated to the trial court that she was not pursuing a claim of self-defense.

Initially, Meeks advised the district court that she needed to be evaluated by the battered woman syndrome expert to determine her "state of mind," *i.e.*, to determine whether she had a "mental disease or defect" at the time of the shooting based on being a battered woman. After Dr. Hutchinson's report revealed that Meeks did not suffer from a mental disease or defect, defense counsel acknowledged that Meeks was not asserting a classic claim of self-defense, even though counsel insisted that the expert testimony was relevant to explain abusive relationships to the jury and to establish Meeks' intent at the time the gun was fired.

Thereafter, Meeks never corrected or refuted the multiple assertions by the State and the district court that self-defense was not an issue in the trial. For example, in opposing Meeks' request for an expert evaluation, the State represented that Meeks was not claiming self-defense, to which the defense counsel responded that he did not disagree with the State's representations. When ruling on the admissibility of Dr. Hutchinson's report, the district court said it was unaware of caselaw allowing evidence of battered woman syndrome in cases where a claim of self-defense was not indicated. Yet, defense counsel did not advise the court that Meeks was, in fact, claiming self-defense. Instead, defense counsel acknowledged that this case did not involve a classic example of self-defense. Moreover, in responding to the State's motion to exclude

evidence of Smith's prior bad acts, defense counsel specifically stated that there was no evidence supporting a claim of self-defense nor would there be a claim of self-defense. Finally, the defense did not request a jury instruction on self-defense.

Simply put, Meeks did not assert a claim of self-defense or give any indication to the district court that she was attempting to assert a claim of self-defense at trial. To the contrary, she led the trial court to believe that self-defense was not an issue in the trial. Accordingly, Meeks has no claim on appeal that she was denied the right to present evidence on that unasserted—and disclaimed—theory of defense. Consequently, we affirm the Court of Appeals on that basis.

Where we part company with the panel is with its theoretical exercise of determining whether the facts of this case could have supported a claim of self-defense, if Meeks had asserted that defense and if Meeks had established that she suffered from battered woman syndrome at the hands of the victim. We disapprove of that portion of the Court of Appeals opinion, especially with respect to its treatment of the holding from *Stewart*, 243 Kan. 639, albeit a complete analysis of the issue will have to await another day.

Meeks' second request in her petition for review was that, in the event of a new trial, we should direct that specific instances of Smith's prior abusive and violent acts would be relevant and admissible to prove the reasonableness of Meeks' perception of danger with respect to a claim of self-defense supported by the battered woman syndrome. Given that we are not remanding for a new trial, this issue is moot.

Affirmed.

MICHAEL J. MALONE, Senior Judge, assigned.[1]

---

[1]**REPORTER'S NOTE:** Senior Judge Malone was appointed to hear case No.106,107 to fill the vacancy on the court created by the appointment of Justice Nancy Moritz to the United States 10th Circuit Court of Appeals.