NOT DESIGNATED FOR PUBLICATION

No. 116,913

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellant*,

v.

MICHAEL LOUIS SOUKUP,
*Appellee*.

MEMORANDUM OPINION

Appeal from Ellsworth District Court; MIKE KEELEY, judge. Opinion filed June 2, 2017.
Reversed and remanded with directions.

*Joe Shepack*, special prosecutor, *Paul J. Kasper*, county attorney, and *Derek Schmidt*, attorney
general, for appellant.

*Michael S. Holland II*, of Holland and Holland, of Russell, for appellee.

Before ATCHESON, P.J., MALONE and POWELL, JJ.

*Per Curiam*: The State appeals the district court's decision granting Michael Louis
Soukup's motion to suppress the results of a warrantless blood test in the State's
prosecution of Soukup for driving under the influence (DUI). The State argues that the
good-faith exception to the exclusionary rule applies in this case when the trooper relied
upon the DC-70 implied consent advisory in obtaining Soukup's blood sample. The State
also argues there was sufficient evidence for the district court to apply the probable cause
plus exigent circumstances exception to the warrant requirement. Because we agree with

1

the State on the application of the good-faith exception to the exclusionary rule, we reverse and remand with directions to deny Soukup's motion to suppress the evidence.

We will briefly review the facts. Soukup was arrested in Ellsworth County for DUI on July 12, 2014. The parties filed a written stipulation of facts for the purpose of Soukup's suppression motion, as follows:

"On July 12, 2014, Kansas Highway Patrol Lt. Ritchard Brown was on routine patrol on a county maintained road in Ellsworth County, Kansas, in a marked patrol vehicle.

"Brown observed a pickup truck ahead of him which did not have an operable tag light. The time of this observance was 22:48 P.M. and, thus, nighttime conditions.

"Brown activated his emergency lights and the vehicle he was following stopped. Brown made contact with the driver who was identified as Michael Louis Soukup. Soukup provided the Trooper with a Kansas driver's license and proof of insurance.

"When the Trooper began to tell Soukup the reason for the stop, Soukup interrupted him and said it's 'for the tag light.' Soukup then volunteered that he knew the tag light was out.

"During this conversation, Trooper Brown smelled a 'strong odor of alcoholic beverage' on the person Soukup. Brown also observed that Soukup's eyes were watery and red. Brown asked Soukup if he had anything to drink and Soukup replied 'one beer'.

"Brown had Soukup do the Standard Field Sobriety Tests (i.e. the one leg stand and the walk and turn). In the opinion of Trooper Brown, Soukup failed these tests. Soukup also agreed to provide a preliminary breath test sample, which showed a failure.

"Brown placed Soukup under arrest at 23:06 for driving under the influence.

"At 23:30, the DC-70 Implied Consent Advisory was read to Soukup and read by Soukup. Afterwards, Trooper Brown asked Soukup if he would provide a sample of blood for testing pursuant to the Implied Consent Advisory. Soukup replied 'Yes'.

"A registered nurse, Teresa Falcon-Thrun drew blood from Soukup using the standard KBI blood collection set. Said sample was mailed in to the KBI Lab and the Lab Report advises that Soukup's blood alcohol level was .12 grams ethyl alcohol per 100 milliliters of blood."

2

The district court held a hearing on the motion to suppress on December 1, 2016. After hearing arguments from counsel, the district court suppressed the results of Soukup's blood draw based on the United States Supreme Court's decision in *Birchfield v. North Dakota*, 579 U.S. ___, 136 S. Ct. 2160, 195 L. Ed. 2d 560 (2016). The State raised the application of the good-faith exception at the hearing, but the district court did not address it. The State timely filed this interlocutory appeal.

On appeal, the State first argues that suppression of the blood-alcohol results substantially impairs the State's ability to prosecute Soukup for DUI. Next, the State argues that under *Illinois v. Krull*, 480 U.S. 340, 107 S. Ct. 1160, 94 L. Ed. 2d 364 (1987), the good-faith exception to the exclusionary rule applied when Brown relied upon the DC-70 implied consent advisory in obtaining Soukup's blood sample. Finally, the State argues there was sufficient evidence for the district court to apply the probable cause plus exigent circumstances exception to the warrant requirement.

Soukup argues that Brown violated his Fourth Amendment rights under the United States Constitution by subjecting him to a warrantless blood test pursuant to the Kansas Implied Consent Law although no exception to the warrant requirement applied. He also argues that it would chill our rights as citizens to apply the good-faith exception to the unconstitutional legislative actions which intentionally attempt to limit an individual's constitutional rights. Finally, Soukup argues that the State is prohibited from raising the probable cause plus exigent circumstances exception to the warrant requirement for the first time on appeal.

In reviewing a district court's decision on a motion to suppress, the appellate court reviews the district court's factual findings to determine whether they are supported by substantial competent evidence. We have unlimited review of the district court's ultimate legal conclusion. *State v. Patterson*, 304 Kan. 272, 274, 371 P.3d 893 (2016). When the material facts to the district court's decision on a motion to suppress evidence are not in

dispute, the question of whether to suppress is a question of law over which an appellate court has unlimited review. *State v. Stevenson*, 299 Kan. 53, 57, 321 P.3d 754 (2014).

The State first argues that suppression of the results of the blood-alcohol test substantially impairs the State's ability to prosecute Soukup for DUI. Soukup does not dispute this point, and we agree that the State is permitted to bring this interlocutory appeal from the district court's suppression of the evidence. See *State v. Newman*, 235 Kan. 29, 35, 680 P.2d 257 (1984) (district court's suppression order must "substantially impair the State's ability to prosecute the case" to support an interlocutory appeal).

As for the State's alternative argument that there was sufficient evidence for the district court to apply the probable cause plus exigent circumstances exception to the warrant requirement, Soukup points out that this argument was not raised in district court. Generally, issues not raised before the district court cannot be raised on appeal. *State v. Kelly*, 298 Kan. 965, 971, 318 P.3d 987 (2014). Although there are exceptions to this general rule, the State has failed to assert the application of any of the exceptions in its brief. Supreme Court Rule 6.02(a)(5) (2017 Kan. S. Ct. R. 35) requires an appellant to explain why an issue that was not raised below should be considered for the first time on appeal. The State has failed to comply with Rule 6.02(a)(5), which our Supreme Court has stated should be strictly enforced. See *State v. Godfrey*, 301 Kan. 1041, 1044, 350 P.3d 1068 (2015). Thus, we will not address the State's argument as to the application of the probable cause plus exigent circumstances exception to the warrant requirement.

Turning to the State's argument regarding the application of the good-faith exception to the exclusionary rule, both parties recognize that this court has previously addressed this issue in *State v. Schmidt*, 53 Kan. App. 2d 225, 385 P.3d 936 (2016), *petition for rev. filed* January 13, 2017. In *Schmidt*, this court held that where a law enforcement officer requested a motorist to submit to a warrantless blood test in reliance on the Kansas Implied Consent Law prior to the United States Supreme Court's decision

in *Birchfield*, the results of the blood test are admissible under the good-faith exception to the exclusionary rule. *Schmidt*, 53 Kan. App. 2d 225, Syl. ¶ 2. See also *State v. Steckline*, No. 112,242, 2017 WL 383343, at *7-8 (Kan. App. 2017) (unpublished opinion) (applying good-faith exception to suppression of blood test results), *petition for rev. filed* February 13, 2017.

The facts of *Schmidt* are identical to the facts herein. At the time of Soukup's arrest, Brown was required by K.S.A. 2014 Supp. 8-1001(k)(4) to inform Soukup that he could face criminal penalties if he refused to submit to any method of blood-alcohol testing. Also, at the time of Soukup's arrest, Kansas courts had consistently upheld the constitutionality of warrantless blood draws undertaken pursuant to K.S.A. 8-1001. See, *e.g.*, *Martin v. Kansas Dept. of Revenue*, 285 Kan. 625, 635, 176 P.3d 938 (2008); *Furthmyer v. Kansas Dept. of Revenue*, 256 Kan. 825, 835, 888 P.2d 832 (1995); *Popp v. Motor Vehicle Department*, 211 Kan. 763, 767, 508 P.2d 991 (1973).

Brown had no reason to know that the implied consent advisories would be found impermissibly coercive 2 years after Soukup's arrest, and K.S.A. 2014 Supp. 8-1001(k)(4) was not so clearly unconstitutional at the time of Soukup's arrest that a reasonably well-trained officer would have known that it was unconstitutional. By giving the advisories and informing Soukup that he could be charged with a separate crime for refusing to submit to the blood test, Brown was merely fulfilling his responsibility to enforce the statute as written, and suppression of the evidence would not serve the deterrent aim of the exclusionary rule.

Furthermore, there is no indication that in enacting either K.S.A. 2014 Supp. 8-1025 or K.S.A. 2014 Supp. 8-1001(k)(4), the Kansas Legislature wholly abandoned its responsibility to pass constitutional laws. Other states had statutes similar to K.S.A. 2014 Supp. 8-1025 and continued to uphold them until the United States Supreme Court ruled in *Birchfield* that these types of criminal penalty laws are unenforceable as to blood tests.

5

See, *e.g.*, *Wing v. State*, 268 P.3d 1105, 1109-10 (Alaska App. 2012) (upholding the constitutionality of an Alaska statute criminalizing the refusal to submit to blood-alcohol test); *State v. Bernard*, 859 N.W.2d 762, 774 (Minn. 2015) (Minnesota statute that criminalizes refusal to submit to blood-alcohol test passes rational basis review).

We adopt the court's reasoning in *Schmidt* and apply it to Soukup's motion to suppress the results of his blood draw. The good-faith exception to the exclusionary rule applies in this case when Brown relied upon the DC-70 implied consent advisory in obtaining Soukup's blood sample. Accordingly, we reverse the district court's decision to suppress the results of Soukup's blood draw and remand with directions to deny the motion to suppress under the good-faith exception to the exclusionary rule.

Reversed and remanded with directions.