NOT DESIGNATED FOR PUBLICATION

No. 113,492

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

LUKE LOGAN CRAWFORD,
*Appellant*.

MEMORANDUM OPINION

Appeal from Atchison District Court; MARTIN J. ASHER, judge. Opinion filed June 17, 2016. Affirmed.

*Adam D. Stolte*, of Kansas Appellate Defender Office, for appellant.

*Gerald R. Kuckelman*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BRUNS, P.J., POWELL and GARDNER, JJ.

*Per Curiam*:  Luke Logan Crawford appeals his conviction and sentence after a jury convicted him of one count of theft, a severity level 9 nonperson felony. Crawford argues the State presented insufficient evidence to support a finding that the value of the property involved in the theft was more than $1,000 but less than $25,000. Crawford further contends the district court erred by imposing certain conditions of probation. For the reasons stated below, we affirm the district court's judgment.

1

*Procedural background*

In June 2014, Michael Scott received a check for $25,000 as part of an inheritance. He asked Jody Crawford for a ride to Kansas City so that he could deposit the check at a bank. She agreed and drove Scott and Jody's friend, Summer Giles, to Kansas City.

At the bank, Scott deposited $20,000 and asked for $5,000 in cash. Scott put $400 in his billfold and put the remaining $4,600 in a bank bag. Scott set aside the $400 to pay bills and intended to use the $4,600 to purchase the car Jody was driving. After finishing his banking transaction, Scott returned to the car and placed the bag containing the money "[r]ight between the console and the car seat down far enough [where] it could not be seen."

After completing their errands, Jody told Scott they needed to pick up her son, Luke Crawford, and his friend. After picking up Crawford, they drove to Jody's house where she parked in the driveway and all of the passengers exited the vehicle. Jody and Crawford went inside the residence while Scott, Giles, and Crawford's friend remained outside. Meanwhile, Scott inspected the vehicle that he was thinking about buying. After a few minutes, Jody and Crawford came out of the house and went back to the car. When Jody opened the driver's side door, Crawford jumped in, grabbed the money, and took off running. At first, Scott thought Crawford was joking, but after a few minutes he realized Crawford was not coming back so he notified law enforcement.

Lieutenant Timothy Stout received the report regarding Scott and Crawford and took Scott's statement. Scott said Crawford stole a bag containing $4,600. Lieutenant Stout also spoke to Giles. She gave the same information but thought Crawford was getting into the vehicle to retrieve his work clothes. Lieutenant Stout tried to speak with Jody, but she refused.

Following a trial, the jury convicted Crawford of one count of theft, a severity level 9 nonperson felony. On January 16, 2015, the district court sentenced Crawford to 7 months' imprisonment with 12 months' postrelease supervision, suspended the sentence, and ordered Crawford to serve 12 months' probation. Crawford raises two issues on appeal.

*Sufficiency of the evidence*

Crawford first argues the State presented insufficient evidence to show that the value of the theft was between $1,000 and $25,000. The standard of review regarding challenges to the sufficiency of the evidence is well known to this court. "After reviewing all the evidence in a light most favorable to the prosecution, the appellate court must be convinced a rational factfinder could have found the defendant guilty beyond a reasonable doubt. Appellate courts do not reweigh evidence, resolve evidentiary conflicts, or make witness credibility determinations. [Citation omitted.]" *State v. Williams*, 299 Kan. 509, 525, 324 P.3d 1078 (2014).

Crawford contends Scott's allegations regarding the deposited amount varied. He claims Scott first stated he cashed a $5,000 check, then a $10,000 check, then a $20,000 check, and then a $25,000 check. We believe this mischaracterizes Scott's statements to some degree.

At the preliminary hearing, Scott claimed he deposited a $10,000 check and received $5,000 in cash from the check. Scott also said of the $5,000 he took out $400 and put the remaining $4,600 in the bag. He stated at the end of the preliminary hearing that it was actually a $20,000 check he deposited, and not a $10,000 check. Then, at the trial, Scott testified he received a $25,000 check as part of an inheritance; he deposited $10,000 in one account, $10,000 in another account, and asked for $5,000 in cash. He

3

again testified that of the $5,000, he took $400 and put the remaining $4,600 in the bag. Additionally, the State admitted a copy of the $25,000 check as State's Exhibit 1.

Scott explained his earlier misstatement regarding the amount of the check to the jury. He admitted he makes mistakes, but he believed this was due to some health issues and a previous head injury. Regardless of Scott's misstatement, the amount of the original check he deposited was not relevant. The relevant issue is the amount of money remaining in the bag Crawford took. Scott consistently stated that amount was $4,600, and Lieutenant Stout confirmed Scott's statement that $4,600 remained in the bag. Moreover, at the sentencing hearing, Crawford's attorney stated, "we would like to say for the record that we do dispute the restitution order insofar as we don't believe that anything is owed. . . . But we understand that the evidence at trial was that there was $4,600."

On appeal, Crawford argues the State could have gone to the bank to obtain documentation regarding the $5,000 in cash. However, he fails to show that the State had any duty to do so. Crawford further claims: "There is no evidence other than Scott's unsupported allegations that he even had $4,600." But a victim's testimony, standing alone, can be sufficient to sustain a conviction, and Scott's testimony, although confused in part, is not so incredible or improbable as to defy belief. Further, Scott's testimony is supported by Lieutenant Stout's testimony. Crawford is asking this court to reweigh evidence and make witness credibility determinations, which is not our role. See *Williams*, 299 Kan. at 525.

After weighing the evidence and making witness credibility determinations, the jury found Crawford guilty of one count of theft, a severity level 9 nonperson felony. Looking at all the evidence in a light most favorable to the State and considering the jury's verdict, we find the State provided sufficient evidence to prove beyond a

4

reasonable doubt Crawford committed theft of property in the amount of at least $1,000 but less than $25,000. See K.S.A. 2015 Supp. 21-5801(a), (b)(3).

*Conditions of probation*

Crawford next contends the district court imposed conditions of probation that were not reasonably related to the rehabilitative goal of probation. These conditions included:  (1) prohibiting the possession or consumption of alcohol; (2) prohibiting the patronization of establishments whose primary purpose was to sell alcohol; and (3) requiring 100 hours of community service.

Crawford did not object to the probation conditions in the district court. Generally, issues not raised before the district court cannot be raised on appeal. See *State v. Kelly*, 298 Kan. 965, 971, 318 P.3d 987 (2014). But complying with Supreme Court Rule 6.02(a)(5) (2015 Kan. Ct. R. Annot. 41), Crawford explains why this issue should be considered for the first time on appeal. He contends the issue falls under an exception to the general rule, which is that the newly asserted theory involves only a question of law arising on proved or admitted facts and is finally determinative of the case. See *State v. Phillips*, 299 Kan. 479, 493, 325 P.3d 1095 (2014). We agree. Accordingly, we will address Crawford's arguments on the merits. See *State v. Schad*, 41 Kan. App. 2d 805, 813, 206 P.3d 22 (2009).

The statutory authority for a district court to impose conditions of probations is found in K.S.A. 2015 Supp. 21-6607. Its relevant provision provides:  "The court may impose any conditions of probation . . . the court deems proper, including, but not limited to," 14 enumerated conditions of probation. K.S.A. 2015 Supp. 21-6607(b). The probation conditions the district court imposed on Crawford are permitted by K.S.A. 2015 Supp. 21-6607(b)(1), (2), and (10).

5

Our Supreme Court has stated that "[t]he primary purpose of probation is the successful rehabilitation of the offender. Toward that end courts are authorized to impose conditions and restrictions on the probationer's liberty to afford the probationer a setting conducive to the rehabilitative process. [Citation omitted.]" *State v. Turner*, 257 Kan. 19, 24, 891 P.2d 317 (1995). Accordingly:

"A condition of probation will not be held invalid unless it (1) has no reasonable relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality. Conversely, a condition of probation which requires or forbids conduct which is not itself criminal is valid if that conduct is reasonably related to the crime of which the defendant was convicted or to future criminality." *State v. Lumley*, 267 Kan. 4, 14, 977 P.2d 914 (1999).

The district court's discretionary power, however, is not unlimited. For example, a district court does not have discretion to impose probationary conditions that violate a probationer's constitutional rights, absent a compelling state interest. *State v. Bennett*, 288 Kan. 86, 91, 200 P.3d 455 (2009). Moreover, even those conditions that do not infringe upon constitutional rights may exceed the district court's statutory authority if they are not "reasonably related to the rehabilitative goal of probation or to the protection of the victim and society." *Schad*, 41 Kan. App. 2d 805, Syl. ¶ 8. Crawford bears the burden of showing the district court abused its discretion by imposing these conditions. See *State v. Vanderveen*, 259 Kan. 836, 843, 915 P.2d 57 (1996).

Crawford fails to make any argument regarding the requirement that he perform community or public service work; thus, we deem his challenge to this condition abandoned. See *State v. Llamas*, 298 Kan. 246, 264, 311 P.3d 399 (2013). Regarding the remaining conditions, Crawford argues alcohol use was not reasonably related to the crime. Because Crawford makes no assertion that the alcohol-related probation

6

conditions restrict his constitutional rights, we examine only whether these probation conditions bear a reasonable relationship to the rehabilitative goals of Crawford.

In *State v. Gordon*, No. 94,477, 2006 WL 1379689 (Kan. App. 2006), *rev. denied* 282 Kan. 793 (2006) (unpublished opinion), our court addressed a similar issue. Gordon objected to the requirement that he receive tests for drug and alcohol use. We found:

"The use of controlled substances is illegal, and the State has an interest in ensuring that those placed on probation are not engaged in illegal behavior. While the use of alcohol is not illegal once one reaches the legal age of consumption, alcohol abuse is a factor that is directly related to the possibility of engaging in future criminal behavior. The State's interest in regulating alcohol abuse when one is under the supervision of community corrections falls within the broad powers of the court in determining conditions of probation." 2006 WL 1379689, at *3.

Following the decision in *Gordon*, we find "the conditions of probation imposed bear a reasonable relationship to the rehabilitative goals of probation, the protection of the public, and the nature of the offense." 2006 WL 1379689, at *3. The district court did not abuse its discretion in imposing conditions of probation on Crawford that prohibited him from possessing or consuming alcohol and from patronizing establishments whose primary purpose is to serve alcohol.

Affirmed.