NOT DESIGNATED FOR PUBLICATION

No. 115,313

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

LESLIE ALLEN,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; STEPHEN J. TERNES, judge. Opinion filed June 9, 2017. Affirmed.

*Carl F. A. Maughan*, of Maughan Law Group LC, for appellant.

*Lesley A. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BRUNS, P.J., HILL and SCHROEDER, JJ.

*Per Curiam*:  Leslie Allen appeals the district court's order requiring him to pay $1,197.48 in restitution as a condition of postrelease supervision. Finding no error, we affirm.

After a mistrial, Allen pled guilty to stalking. At sentencing he requested a dispositional departure to probation. The district court denied the request and sentenced him to 25 months' incarceration with 24 months' postrelease supervision. The district court also ordered Allen to pay $1,197.48 in restitution to reimburse the victims for out-

1

of-pocket expenses for counseling, but waived all of his court-appointed attorney fees. Payment of his restitution was a condition of postrelease supervision. Allen appealed.

Allen argues the district court erred when it ordered him to pay restitution and made payment of restitution a condition of postrelease supervision. He contends the district court abused its discretion when it ordered him to pay restitution since it implicitly found reimbursing the State for the cost of court-appointed counsel would be a hardship. Allen argues: "Ordering restitution without any ability to know of the defendant's ability to pay, or the circumstances in which he will find himself years into the future is arbitrary at best, and as it is based upon pure speculation, is unreasonable."

"'Questions concerning the "amount of restitution and the manner in which it is made to the aggrieved party" are reviewed under an abuse of discretion standard.'" *State v. Shank*, 304 Kan. 89, 93, 369 P.3d 322 (2016) (quoting *State v. King*, 288 Kan. 333, 354-55, 204 P.3d 585 [2009]). A judicial action constitutes an abuse of discretion if (1) no reasonable person would take the view adopted by the trial court; (2) the action is based on an error of law; or (3) the action is based on an error of fact. *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015).

Pursuant to K.S.A. 2016 Supp. 21-6604(b)(1), a sentencing court is required to order restitution "unless [it] finds compelling circumstances which would render a plan of restitution unworkable." The defendant has the burden of providing evidence of compelling circumstances that make the plan of restitution unworkable. *State v. Holt*, 305 Kan. 839, 390 P.3d 1, 2 (2017).

In *State v. Alcala*, 301 Kan. 832, 840, 348 P.3d 570 (2015), Alcala argued his restitution plan was unworkable based on his lengthy prison sentence and limited earning potential while incarcerated. The Kansas Supreme Court held: "Having presented no evidence of his inability to pay restitution after his possible parole, Alcala failed to

2

sustain his burden of demonstrating the restitution plan was unworkable." 301 Kan. at 840. Similarly, in *Holt*, the Kansas Supreme Court held: "At the sentencing hearing, Holt at most demonstrated his current income and lack of assets. His failure to present evidence of an inability to pay when released did not sustain his burden of proving the restitution order unworkable." 390 P.3d at *4.

Like the defendants in *Holt* and *Alcala*, Allen presented no evidence of compelling circumstances that would make his restitution plan unworkable once he was released from prison. His argument for finding restitution unworkable was, in its entirety:

> "In large part my argument consists of the fact that Mr. Allen has been in custody for several months, will be in custody for several more, has absolutely no means of paying that restitution nor were we aware of that figure as Miss Wilson explained just a moment ago."

A similar generalized argument was insufficient in *Holt* and *Alcala.* It is insufficient here. Allen has not met his burden to show the restitution ordered by the district court was unworkable.

Allen makes two other arguments on appeal, neither of which are properly before this court because they were not raised below. Issues not raised before the trial court cannot be raised on appeal. See *State v. Kelly*, 298 Kan. 965, 971, 318 P.3d 987 (2014).

First, Allen argues the district court erred when it made payment of restitution a condition of postrelease supervision. He did not raise this argument before the district court. However, even if this issue was properly before the court, Allen would not be entitled to relief because restitution may clearly be a condition of postrelease supervision.

K.S.A. 2016 Supp. 22-3717(n) states:

"*If the court which sentenced an inmate specified at the time of sentencing the amount and the recipient of any restitution ordered as a condition of parole or postrelease supervision,* the prisoner review board shall order as a condition of parole or postrelease supervision that the inmate pay restitution in the amount and manner provided in the journal entry unless the board finds compelling circumstances which would render a plan of restitution unworkable." (Emphasis added.)

We note on this point Allen fails to recognize that at the time of his release, the Board has the authority, based on compelling reasons, to modify this order of restitution.

Second, Allen argues the district court erred when it awarded restitution for counseling because it "failed to inquire into the status of the divorce proceedings, whether any domestic court orders exist requiring the defendant to pay for the insurance which partially covered the cost of counseling or whether the defendant is required to pay the medical expenses of his children." He contends ordering restitution "brings about the possibility" he would be required to pay twice. Notably, Allen does not actually allege the restitution order requires him to pay for the cost of counseling twice. Further, Allen did not argue the amount of restitution before the district court; he simply argued he had no means of paying restitution currently. This argument lacks merit.

Allen did not meet his burden to show compelling circumstances rendering the district court's restitution plan unworkable. The remaining issues Allen alleged are not properly before this court because they were not raised below. The district court did not err.

Affirmed.

4