NOT DESIGNATED FOR PUBLICATION

No. 118,485

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

BRANDON LEE GALLEHER,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Harvey District Court; JOE DICKINSON, judge. Opinion filed November 30, 2018. Affirmed.

*Korey A. Kaul*, of Kansas Appellate Defender Office, for appellant.

*David E. Yoder*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, P.J., PIERRON, J., and BURGESS, S.J.

PER CURIAM:  Brandon Lee Galleher was convicted of attempting to manufacture methamphetamine, possession of precursor products, possession of drug paraphernalia, and nonresidential burglary. He was sentenced to 110 months in prison. Galleher filed a K.S.A. 60-1507 motion claiming ineffective assistance of counsel because his attorney did not inform him of every plea offer that the State offered. The district court denied the motion finding that Galleher's attorney conveyed all offers from the State and was not ineffective as counsel. Galleher appeals from the order denying the motion. Finding no error, we affirm.

1

FACTUAL AND PROCEDURAL BACKGROUND

On March 6, 2012, Galleher was arrested and charged with: (1) attempt to manufacture methamphetamine, (2) possession of precursor products with intent to manufacture methamphetamine, (3) possession of drug paraphernalia, and (4) non-residential burglary. The district court ultimately appointed Randall Fisher as Galleher's counsel.

Before trial, the State's attorney, David Yoder, and Fisher began plea negotiations. On May 29, 2012, Yoder made a plea offer of 49 months in prison if Galleher pled to count two: possession of precursor products. Fisher discussed the plea offer with Galleher, but Galleher rejected it because he did not want to serve any prison time. The details of the plea offer were set forth in a letter the day after the conversation.

On June 18, 2012, Yoder spoke with Fisher over the phone and told Fisher that based on a recent Kansas Supreme Court case, Yoder could no longer offer 49 months for count two. Yoder then offered a plea to count one, attempt to manufacture methamphetamine, but left the amount of prison time open for the district court to decide at sentencing. Fisher would not be able to argue for a dispositional departure under this plea offer because Yoder was adamant about Galleher serving a prison sentence. Yoder testified that he did not believe this was a firm plea offer, just a discussion with Fisher about what could potentially be offered.

Fisher believed it was a firm plea offer and testified that he took the offer to Galleher. Again Galleher rejected the plea offer because he was unwilling to accept any plea that would result in prison time. Fisher did not have any notes detailing whether he took the second plea offer to Galleher the same day it was received, but his billing statements reflected that he visited the county jail and Yoder the next day. Fisher testified

that he probably relayed the offer to Galleher first and then went to Yoder's office to tell him Galleher rejected the second plea offer.

Galleher testified that Fisher never conveyed this second plea offer to him, but he would have taken the deal because he claims it would have allowed him to ask for either a dispositional or durational departure at sentencing. Galleher also testified it would benefit him because the remaining charges would be dismissed and he would only have had the first conviction on his record instead of four.

Yoder also offered a third and final plea offer on June 19, 2012. The final plea offer consisted of Galleher pleading to count one, attempt to manufacture methamphetamine, for 50 months in prison. Fisher relayed this offer to Galleher in a letter dated June 20, 2012, but Galleher again rejected this final plea offer because it involved prison time. Galleher stated he would rather take his chances at trial. The letter did not specifically mention the second plea offer because Yoder presented a new offer within two days, but Fisher remembered that Galleher rejected every plea offer presented.

At trial, Galleher was convicted on all counts. Fisher requested durational and dispositional departures, but the district court denied the dispositional departure. However, the district court granted a durational departure and sentenced Galleher to 110 months on count one with the remaining charges running concurrent to the first for a total of 110 months. Fisher filed a motion for a new trial, but the district court denied the motion. Fisher then filed a notice of appeal from the bench trial arguing insufficient evidence to support the convictions. On appeal, the Court of Appeals affirmed Galleher's convictions. See *State v. Galleher*, No. 109,686, 2014 WL 2589823 (Kan. App. 2014) (unpublished opinion).

In August 2015, Galleher filed a K.S.A. 60-1507 motion arguing Fisher was ineffective as counsel in a variety of ways. The district court held a hearing on the

3

motion, in which the only issue discussed was that Fisher did not inform Galleher of the State's second plea offer. Yoder, Fisher, and Galleher all testified to their version of the events, but the district court ultimately found Fisher more credible. The district court found that the second plea offer was not a formal offer, but Fisher conveyed all three offers to Galleher. Because Fisher did so, the district court could not find any reason that Fisher was ineffective as counsel. The district court noted that because Galleher did not accept any of the plea offers, he was able to ask for both a dispositional and durational departure as he had hoped. Galleher filed a notice of appeal to this court.

DID THE DISTRICT COURT ERR IN DENYING GALLEHER'S K.S.A. 60-1507 MOTION?

Galleher's K.S.A. 60-1507 motion hearing solely focused on whether Fisher relayed the second plea offer to him. The district court found that Fisher relayed all offers to Galleher. On appeal, Galleher argues there was insufficient evidence to support this decision and the district court should have looked to other nontestimonial evidence to determine credibility.

Our standard of review for an ineffective assistance of counsel claim provides a mixed question of law and fact. *State v. Adams*, 297 Kan. 665, 669, 304 P.3d 311 (2013).

> "When such a claim is brought under K.S.A. 60-1507 and the district court conducts a full evidentiary hearing on the claim, we review the district court's factual findings for substantial competent evidence and determine whether the court's factual findings support its conclusions of law. The district court's conclusions of law are reviewed de novo. [Citation omitted.]" 297 Kan. at 669.

Substantial competent evidence is relevant and legal evidence which a reasonable person could use to support a conclusion. *State v. Butler*, 307 Kan. 831, 853, 416 P.3d 116 (2018).

4

In order for a K.S.A. 60-1507 movant to prevail on an ineffective assistance of counsel claim, the movant must satisfy the constitutional standards set forth in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). The movant must show "(1) the performance of defense counsel was deficient under the totality of the circumstances, and (2) prejudice, *i.e.*, that there is a reasonable probability the jury would have reached a different result absent the deficient performance." *Sola-Morales v. State*, 300 Kan. 875, 882-83, 335 P.3d 1162 (2014). Judicial scrutiny is highly deferential to counsel and this court presumes that counsel gave adequate assistance and exercised reasonable professional judgment in making all significant decisions. See *State v. Kelly*, 298 Kan. 965, 970, 318 P.3d 987 (2014).

Galleher first argues there was not substantial competent evidence to support the district court's decision by pointing to the fact that Fisher sent Galleher a letter that only included details of the first and third plea offers but not the second. Secondly, Galleher argues that Fisher's billing statements do not indicate that Fisher saw Galleher at all on the day the offer was made.

Conversely, the State argues that nothing in the record established that Fisher was ineffective. The State asserts that Fisher's billing statement shows he had a telephone conversation with Yoder on the day he made the second plea offer and visited with Galleher the next day. The State contends that Fisher and Yoder's testimony both reflect that Fisher took the second plea offer to Galleher before going to Yoder's office to inform him that Galleher rejected the second offer. Further, the State asserts that Fisher explained that his reason for not including the second plea offer in the letter was because the second and third offers happened so close in time and Galleher had already rejected the second offer. Thus, there was no reason to include it when a new plea offer was already on the table.

Generally, defense counsel must communicate all formal offers from the prosecution to the defendant. "When defense counsel allowed the offer to expire without advising the defendant or allowing him to consider it, defense counsel did not render the effective assistance the Constitution requires." *Missouri v. Frye*, 566 U.S. 134, 145, 132 S. Ct. 1399, 182 L. Ed. 2d 379 (2012).

There is substantial competent evidence to support the district court's finding that Fisher relayed the second plea offer to Galleher. Both Fisher and Galleher agreed that Fisher relayed the first plea offer of 49 months to count two on May 29, 2012. Galleher rejected this offer stating that he wanted probation and would not accept a plea offer that included prison time. Fisher informed Yoder that Galleher rejected the first plea offer.

On June 18, 2012, Fisher and Yoder spoke on the telephone. Both Yoder and Fisher testified that this conversation took place and Fisher's billing statement reflects this as well. Both testified that because of a recent Kansas Supreme Court case, Yoder could no longer offer a 49 month prison sentence for count two but that he would be willing to make a plea offer on count one. Both Fisher and Yoder testified that Fisher attempted to obtain a plea offer with probation, but Yoder was adamant Galleher serve a prison sentence. The two men then discussed the idea of pleading to count one and leaving the sentencing open for the district court. Both testified that Galleher would only be allowed to ask for a durational departure under this plea offer. Galleher would not be allowed to ask for a dispositional departure to probation.

While Yoder claimed he believed these discussions were simply negotiations, Fisher testified that he believed this was a firm plea offer. Fisher testified that he remembered telling Galleher of the second plea offer and Galleher rejected it because he did not want to serve prison time. Fisher's billing statement reflects that he visited the county jail and Yoder the next day, on June 19, 2012. Fisher testified that he probably

6

went to see Galleher about the plea offer first and then went to Yoder's office to tell him Galleher rejected the offer and that they could resume plea negotiations.

Galleher could only refute this version of events by saying that it did not happen. He presented no evidence of an alternate version of events. The billing statement reflects that Fisher visited Galleher the next day, June 19, 2012. Under Fisher's version, he visited Galleher and upon rejection, he went to Yoder's office. As a result, Yoder made the third and final plea offer. Because Fisher was having a hard time getting Galleher to listen to him, he relayed the details of the third plea offer in a letter to Galleher on June 20, 2012. Galleher rejected this offer again because it included a prison sentence. This letter is also consistent with Fisher's billing statement. Fisher explained that he did not write a letter about the second plea offer because he received a new offer within 24 hours and did not see any reason to include that in the letter to Galleher with the new offer.

Given that the burden is on Galleher, Galleher provides little evidence to show that Fisher did not relay the second plea offer. Galleher's only evidence is his own testimony that Fisher did not relay the second offer. Although Fisher's notes do not provide specific details about each offer, he remembered telling Galleher the second plea offer and Galleher rejecting it. Considering Fisher's version of events along with the billing statement, the June 20, 2012, letter, and the fact that a rejection of the offer was consistent with Galleher's refusal to accept any plea that required prison time, the district court found Fisher more credible. "The appellate court does not reweigh evidence, assess the credibility of witnesses, or resolve conflicts in evidence." *State v. Talkington*, 301 Kan. 453, Syl. ¶ 3, 345 P.3d 258 (2015). Thus, a reasonable person could find there was evidence to support the district court's decision that Fisher relayed the second plea offer.

This court must next review the district court's legal conclusion under unlimited review. The district court held that Fisher was not ineffective as counsel. Because there is substantial competent evidence to support a finding that Fisher relayed every plea offer

7

the State offered, Fisher fulfilled his duties. Additionally, Fisher and Yoder testified that Fisher continuously fought to get Galleher probation right up until the morning of trial. However, Yoder was adamant about prison time and would not consider probation for Galleher. The fact that Galleher did not receive the desired sentence cannot be attributed to any action or inaction on Fisher's part.

Fisher filed a motion for a new trial after the district court convicted Galleher and also argued for both a durational and dispositional departure at sentencing. This is what Galleher wanted all along. Fisher was a zealous advocate for Galleher's position throughout the entire case. Under the totality of the circumstances, the district court did not err in finding that Fisher was effective as counsel. Such finding precludes any other claims made by Galleher.

Affirmed.