NOT DESIGNATED FOR PUBLICATION

Nos. 124,016
124,017

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

EDWANDA R. GARRETT,
*Appellant.*

MEMORANDUM OPINION

Appeal from Johnson District Court; MICHAEL P. JOYCE, judge. Opinion filed September 2, 2022.
Affirmed.

*Kasper Schirer*, of Kansas Appellate Defender Office, for appellant.

*Shawn E. Minihan*, assistant district attorney, *Stephen M. Howe*, district attorney, *Shannon Grammel*, deputy solicitor general, and *Derek Schmidt*, attorney general, for appellee.

*Sharon Brett*, *Josh Pierson*, *Kayla DeLoach*, and *Bria Nelson*, of American Civil Liberties Union Foundation of Kansas, of Overland Park, amicus curiae.

Before HURST, P.J., HILL and ATCHESON, JJ.

PER CURIAM: Defendant Edwanda R. Garrett has appealed the decision of the Johnson County District Court to extend her probation in two felony cases because she has been unable to pay the restitution ordered in them. She has otherwise satisfied the sentences imposed on her and has now been on probation in the older case for more than

1

12 years. Because Garrett has yet to complete her sentences, she cannot vote and has lost other civil rights. See K.S.A. 2021 Supp. 21-6613.

In the first case, Garrett pleaded guilty to two counts of forgery in 2009. The district court placed her on probation and ordered she pay about $16,000 in restitution. About seven years later, in the second case, Garrett pleaded guilty to giving a worthless check, a felony. She was placed on probation and ordered to pay nearly $4,000 in restitution. Over the years, Garrett has not paid much in restitution in either case. As a result, the district court has periodically extended her probations, thereby continuing the civil disabilities imposed on Garrett because of her uncompleted felony sentences.

At the most recent probation hearing in January 2021, the record shows that Garrett has chronic medical problems and receives Social Security Disability Insurance payments as her principal source of income. She is able to work a few hours a week. The district court extended Garrett's probation in the cases for 18 months and ordered her to pay $20 a month in restitution in each case—a modest reduction in the total monthly amount she had been required to pay. At that rate, Garrett will satisfy those obligations in roughly 40 years.

For the first time on appeal, Garrett submits that her circumstances and the prospect of remaining on probation for decades violates her equal protection and due process rights under the Fourteenth Amendment to the United States Constitution. She contends the loss of liberty inflicted on her as an indigent probationer with no realistic prospects for paying off the restitution portion of her sentences in the foreseeable future creates an impermissible constitutional deprivation. Garrett has not otherwise challenged the most recent extension of her probations.

We have no obligation to address arguments, even constitutional ones, that have not been presented in the district court. And typically, we do not consider them. See *State*

*v. Swint*, 302 Kan. 326, 335, 352 P.3d 1014 (2015); *State v. Kelly*, 298 Kan. 965, 971, 318 P.3d 987 (2014). But we have, likewise, recognized exceptions that may relax that rule. *Swint*, 302 Kan. 326, Syl. ¶ 3. Garrett identifies two of them in her brief. Those exceptions extend to the appellate court an invitation—not an obligation—to take up an issue. *State v. Parry*, 305 Kan. 1189, 1191-92, 390 P.3d 879 (2017).

Given how the parties have framed and argued the constitutional claim, we decline the invitation to consider the point for the first time on appeal. Because Garrett has not otherwise challenged the district court's decision to extend her probations in the forgery and bad check cases, we affirm.

Affirmed.