NOT DESIGNATED FOR PUBLICATION

No. 119,298

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

HENRY E. PARKER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; STEPHEN J. TERNES, judge. Opinion filed May 31, 2019. Affirmed.

*Heather Cessna*, of Kansas Appellate Defender Office, for appellant.

*Lesley A. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, P.J., SCHROEDER, J., and MCANANY, S.J.

PER CURIAM: Henry Parker appeals the district court's order requiring him to pay $6,452 in restitution to State Farm as unworkable. Once convicted of a crime, defendants are financially responsible for the damages they cause. The only limitation on this responsibility is whether there are compelling circumstances to render a restitution repayment plan unworkable. *State v. Holt*, 305 Kan. 839, 842, 390 P.3d 1 (2017). Upon review of the file, we find no support in the record for Parker's claim. He also raises new issues on appeal to support his argument the restitution order is unworkable. However, we decline to consider his issues raised for the first time on appeal. We affirm.

1

While on postrelease supervision for another case, Parker led Bel Aire police on a high-speed chase on a stolen motorcycle. The State charged Parker with one count of fleeing or attempting to elude an officer, a severity level 9 person felony, and in the alternative with two severity level 9 person felonies and two misdemeanors: theft, fleeing or attempting to elude a police officer, driving while a habitual violator, and no proof of insurance.

In response to his plea agreement, Parker pled guilty to theft and one count of fleeing or attempting to elude an officer. The agreement reflected he owed restitution of $1,000 to the victim and $6,452 to State Farm Insurance, but he reserved the right to argue at sentencing the amount owed to State Farm was unworkable. In exchange, the State agreed to dismiss the other charges and recommend the sentence for both charges run concurrently. The agreement also provided the State would recommend the district court sentence Parker to serve a prison sentence utilizing the high number in the Kansas Sentencing Guidelines grid box. The agreement further allowed Parker to argue for any legal sentence, including asking for a downward dispositional departure sentence to probation.

At sentencing, Parker argued for a dispositional departure to probation, claiming he would be able to return to work at a local restaurant and he wanted to be present for his newborn child. Parker also argued his restitution of $6,452 to State Farm Insurance was unworkable. According to Parker, he had not worked while in custody for this case. He also claimed his restitution would be unworkable if the court sentenced him to prison because any work while in KDOC custody would provide minimal income.

At sentencing, the district court determined Parker's criminal history score was A and denied Parker's request for a dispositional departure. The district court sentenced him

to a 16-month term of imprisonment with 12 months of postrelease supervision. He also received credit for time served of 256 days. The district court found restitution requested by the victim and State Farm did not create an unworkable condition for Parker to pay in the future.

ANALYSIS

"'Questions concerning the "amount of restitution and the manner in which it is made to the aggrieved party" are reviewed under an abuse of discretion standard.'" *State v. Shank*, 304 Kan. 89, 93, 369 P.3d 322 (2016). A judicial action constitutes an abuse of discretion if (1) no reasonable person would take the view adopted by the trial court; (2) the action is based on an error of law; or (3) the action is based on an error of fact. *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015).

Under K.S.A. 2018 Supp. 21-6604(b)(1), a sentencing court must order restitution "unless [it] finds compelling circumstances which would render a plan of restitution unworkable." Restitution is the rule, finding restitution is unworkable is the exception. *State v. Alcala*, 301 Kan. 832, 840, 348 P.3d 570 (2015). The defendant has the burden of providing evidence of compelling circumstances that make the plan of restitution unworkable. *Holt*, 305 Kan. at 842. Defendant's imprisonment alone is not sufficient to render restitution unworkable. *Alcala*, 301 Kan. at 840.

For the first time on appeal, Parker argues the district court erred because his income was low, his restitution was high, and he had a short time period to pay off the restitution once on postrelease supervision. Parker asks this court to consider his poverty affidavit, something he never asked the district court to consider. Parker had the burden to raise these arguments to the district court, but he failed to do so. See *Holt*, 305 Kan. at 842. He cannot now rely on those arguments. See *State v. Kelly*, 298 Kan. 965, 971, 318 P.3d 987 (2014) (noting parties may not raise issues for the first time on appeal).

3

Even if we consider Parker's poverty affidavit and other arguments of expenses he raises in his brief, these arguments fail to show evidence of compelling circumstances his restitution is unworkable. See *Holt*, 305 Kan. at 843 (the poverty affidavit is insufficient to show future inability to pay).

Parker's only remaining argument is his inability to work while in custody, but the restitution order of $6,452 is not immediately due. Parker's imprisonment alone is insufficient to render restitution unworkable. See *Alcala*, 301 Kan. at 840. Parker did not claim he would be unable to work after incarceration. He instead claimed he could continue working at a local restaurant. Parker failed to meet his burden to show the restitution order is unworkable. We also find no justification to determine the plan is unworkable because his postrelease period is only 12 months. He can pay any remaining balance owed after his postrelease period of supervision is terminated. We find no abuse of discretion by the district court as a reasonable person could find Parker did not present evidence of compelling circumstances showing the restitution order of $6,452 payable to State Farm is unworkable.

Affirmed.