NOT DESIGNATED FOR PUBLICATION

No. 115,890

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CHRISTIAN DEMARCUS ROBBINS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; EVELYN Z. WILSON, judge. Opinion on remand filed December 13, 2019. Reversed and remanded with directions.

*Gerald E. Wells*, of Jerry Wells Attorney-at-Law, of Lawrence, for appellant, and *Christian D. Robbins*, appellant pro se.

*Jodi Litfin*, assistant district attorney, *Michael F. Kagay*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MCANANY, P.J., LEBEN and SCHROEDER, JJ.

PER CURIAM: In line with his July 2010 plea agreement with the State, Christian Demarcus Robbins pled guilty to intentional second-degree murder and other charges related to an incident on July 12, 2009, in which he fired shots into an occupied vehicle.

Before sentencing, he moved for a downward departure sentence, arguing that his sentence should be reduced from a grid sentence because he was acting in self-defense and this fact should be treated as a mitigating factor. He argued that his decision to enter his plea was greatly influenced by the holding in *State v. Kirkpatrick*, 286 Kan. 329, 184

1

P.3d 247 (2008). The court denied Robbins' departure motion and imposed a prison sentence of 272 months with a 36-month period of postrelease supervision. Robbins' sentence was affirmed by our Supreme Court in 2011.

The following year, Robbins sought to withdraw his plea. He complained that, among other things, his counsel failed to request an evaluation to determine his competency to enter a plea. Robbins' new counsel filed a supplemental motion to allow Robbins to withdraw his plea, claiming that Robbins did not understand why he was unable to assert his theory of self-defense. The district court summarily denied relief on Robbins' motion.

Robbins appealed to this court. Robbins argued in his supplemental appellate brief that his counsel misinformed him, and he was misled into thinking, that self-defense was unavailable to him as a defense.

On May 25, 2018, this court affirmed the district court, concluding, among other things, that as a matter of law self-defense was unavailable to Robbins because of our Supreme Court's decision in *Kirkpatrick*. See *State v. Robbins*, No. 115,890, 2018 WL 2373283, at *4 (Kan. App. 2018) (unpublished opinion).

A couple of weeks later, on June 8, 2018, our Supreme Court decided *State v. Barlett*, 308 Kan. 78, 418 P.3d 1253 (2018). In *Barlett*, the Supreme Court revisited *Kirkpatrick* and determined that the rule it announced regarding self-defense was too broadly stated. The *Barlett* court stated:

> "We conclude that the general rule stated in *Bell*[, 276 Kan. at 793,] and *Kirkpatrick*—
> that a defendant charged with committing a forcible felony is not permitted to assert a
> theory of self-defense—is overly broad and is inconsistent with both the intent of the
> Legislature and with other opinions of this court. The better rule is the one we adopt
> today:  a defendant may not assert self-defense if that defendant is already otherwise

2

committing a forcible felony when he or she commits a separate act of violence." *Barlett*, 308 Kan. at 84.

Thereafter, Robbins petitioned our Supreme Court for review of our appellate decision. One of the claims in his pro se petition for review, Issue II.B., was that he had been misled and coerced into pleading guilty.

On July 3, 2019, the Supreme Court granted review of Robbins' Issue II.B., summarily vacated the portions of the Court of Appeals' opinion relying on *Kirkpatrick*, and directed us to reconsider the matter in light of *Barlett*.

The parties have copies of our earlier opinion affirming the district court. As we stated in that opinion: "Robbins argues on appeal that the district court should have given him an evidentiary hearing and granted his motion to withdraw his pleas in order to prevent manifest injustice because . . . he was misled and coerced into pleading guilty." *Robbins*, 2018 WL 2373283, at *3.

Robbins moved to withdraw his plea after sentencing. K.S.A. 2018 Supp. 22-3210(d)(2) states: "To correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw the plea." Citing *State v. Edgar*, 281 Kan. 30, 36, 127 P.3d 986 (2006), we held that Robbins could establish manifest injustice by showing that he was misled into entering his plea. *Robbins*, 2018 WL 2373283, at *4. But in order to be entitled to an evidentiary hearing there must either be a substantial question of law or a triable issue of fact. Robbins had the burden of showing that he was entitled to a hearing. See *State v. Kelly*, 298 Kan. 965, 969, 318 P.3d 987 (2014). In our de novo review of Robbins' motion, we concluded that because of the holding in *Kirkpatrick*, the district court correctly denied an evidentiary hearing.

3

But under the later decision in *Barlett*, Robbins was entitled to assert self-defense if he was not "already otherwise committing a forcible felony" when he committed "a separate act of violence." 308 Kan. at 84.

In Robbins' supplemental brief before us, he contends that on the evening of the shooting he was walking to a friend's house when a car pulled up alongside him. The driver was Bryce Martindale, a person with whom Robbins had had an earlier altercation. According to Robbins, Martindale told Robbins that "he was about to get what he has coming." When Robbins turned around to walk away, the car began backing up and Martindale pulled out a pistol and fired at Robbins. Robbins returned fire and struck passenger Michael Lopez, who later died.

Based on our further de novo review, we conclude that Robbins' description of the events on the night of the shooting and the advice he claims he received from his counsel create triable issues of fact and substantial questions of law, including whether Robbins was entitled to assert self-defense under the new standard in *Barlett*.

Accordingly, we reverse the district court's summary denial of relief on Robbins' motion and remand for an evidentiary hearing.